Ira S. Sacks
Mark S. Lafayette
DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DIESEL PROPS S.R.L. and
DIESEL KID S.R.L.,

                    Plaintiffs / Counter-Defendants,

     -against-

GREYSTONE BUSINESS CREDIT II LLC
and GLOBAL BRAND MARKETING INC.,

                  Defendants/Counter-Plaintiffs,

     -against-

DIESEL S.p.A.,

                  Third-Party Defendant.
----------------------------------------------------------------x

Civil Action No.
07 CV 9580 (HB)

**DECLARATION OF IRA S. SACKS IN SUPPORT OF MOTIONS TO DISMISS COUNTER-CLAIMS AND THIRD PARTY COMPLAINTS AND PERMIT FILING OF <u>AGREEMENT UNDER SEAL</u>**

      Ira S. Sacks, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

      1.    I am a partner at Dreier LLP, counsel for Plaintiffs/Counterclaim Defendants Diesel Props S.R.L. ("Props"), Diesel Kid S.R.L. ("Kid"), and Third-Party Defendant Diesel S.p.A. ("SpA"). I submit this Declaration in support of (a) Props and Kid's motion to dismiss Defendant Greystone Business Credit II LLC's ("Greystone") counterclaims, (b) Props and Kid's motion to dismiss Global Brand Marketing Inc.'s ("GBMI") counterclaims, and (c) SpA's

{00320845.DOC;}

motion to dismiss GBMI's and Greystone's Third Party Complaints. Other than as expressly set forth, I have personal knowledge as to all facts set forth herein.

2. Attached hereto as Exhibit A is the Diesel Adult Footwear Developing, Sourcing, and Buying Agreement between Props and GBMI, dated November 4, 2005 (the "Sourcing Agreement").

3. Pursuant to Section 8 of the Sourcing Agreement, entitled "Mutual Confidentiality," Props and GBMI agreed that:

> Neither Party shall disclose to any other Party a trade secret or confidential information that demonstrably belongs to the other, but which was disclosed pursuant to this Agreement . . . Neither GBMI nor [Props] shall disclose to other the fact of the existence of this Agreement or any of its terms, including without limitation . . .

4. Moreover, I have been informed by Luigi Mezzasoma, Managing Director of Props, that the terms of the Sourcing Agreement are sensitive and confidential business and financial information of Props, public disclosure of which would injure Props.

5. As a result, Props respectfully requests this Court to permit the Sourcing Agreement to be filed under seal as Exhibit A hereto.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 22, 2008
       New York, New York

                                                /s/ Ira S. Sacks_____
                                                Ira S. Sacks