UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DIESEL PROPS S.R.L. and
DIESEL KID S.R.L.,

        Plaintiffs/Counter-Defendants,

      -against-

GREYSTONE BUSINESS CREDIT II LLC
and GLOBAL BRAND MARKETING INC.,

        Defendants/Counter-Plaintiffs

      -against-

DIESEL S.p.A.

        Third-Party Defendant.
-----------------------------------------------------------------x

Civil Action No. 07CV9580 (HB)

**DECLARATION OF CARLO PASCOTTO**

      CARLO PASCOTTO, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury under the laws of the United States as follows:

      1.    I am an attorney at law licensed to practice in Italy and a member of the firm of di Lenardo Pascotto Zambon in Treviso, Italy. I submit this declaration to address the issue of whether the counterclaims and third-party claims asserted by Greystone Business Credit II LLC ("Greystone") and Global Brand Marketing Inc. ("GBMI") against Diesel S.p.A. ("SpA"), Diesel Props S.R.L. ("Props") and Diesel Kid S.R.L. ("Kid")(collectively, the "Diesel Entities") are required to be brought in Milan, Italy under Italian law as applied to agreements between GBMI and Props or Kid.

      2.    I have reviewed the counterclaims and third-party claims submitted by Greystone and GBMI, as well as the November 4, 2005 Distribution Agreements between

1



GBMI and Props and GBMI and Kid and the November 4, 2005 Developing and Sourcing Agreement between GBMI and Props. I have the following conclusions.

3. Greystone, in paragraph 54 of its Answer, Counterclaims and Third-party Complaint (Answer), asserts to be claiming to seek relief in its own right and "*as assignee of GBMI's rights pursuant to its security interest in GBMI's assets*". On the basis of this security interest, Greystone acts by presenting nine counterclaims against Spa, Props and Kid further to some alleged GBMI's rights, which appear, for different reasons, connected with or arising out of the Distribution Agreements or the Developing and Sourcing Agreement, signed by GBMI and the Diesel Entities.

4. GBMI, with its answer, acts instead only directly against the Diesel Entities, with the same counterclaims.

5. The Distribution Agreements provide in paragraph 21.2 that *"for any dispute between the Parties and arising out or connected with this Agreement regarding in particular, but without prejudice to the generality of the foregoing, its conclusion, execution, validity, breach, termination and determination of damages, which cannot be settled amicably, the exclusive jurisdiction shall be the Court of Milan, Italy."* The Distribution Agreements are governed by Italian Law. (paragraph 21.1).

6. The Sourcing and Developing Agreement provides in paragraph 24: *Applicable Law: Jurisdiction. This Agreement shall be governed and interpreted according to the Italian Law. Any dispute that may arise or should be associated with this Agreement, concerning in particular but not limited to, its termination, execution, validity, default, withdrawal and damages assessment, shall be submitted to the exclusive jurisdiction of the Court of Milan, Italy.*



2

7. Under Italian law, Greystone's claim to have been acting on behalf of GBMI "as assignee of GBMI'S rights pursuant to its security interest in GBMI'S assets" must be regulated pursuant to Art. 2900 of the Italian Civil Code. This regulation of Italian law provides for the possibility of creditors to act replacing their debtors: "*In order to ensure that their rights are satisfied or respected, creditors may exercise the rights and actions that their debtors are entitled to carry out with respect to third parties yet fail to do, provided the rights and actions relate to assets and that they are not rights or actions that by their nature or under law may only be exercised by their holder*".

8. In such cases, by the constant jurisprudence of the Corte di Cassazione Civile (Italian Supreme Court Of Cassation), the creditor, who acts as if he were his own debtor, assumes the capacity of succeeding party of the debtor being substituted, and is subsequently subject to all the exceptions, whether substantial or relating to the trial, enforceable against the debtor himself (Corte di Cassazione Civile, section II, 23.01.2007 no. 1389): in fact, creditors acting on behalf of their debtors are not exercising an autonomous action but merely carrying out the actions that are due to the debtor, meaning that reference must be made to the latter actions when establishing the competent judge by territory (as described in Corte di Cassazione Civile no. 2272/63; Corte di Cassazine Civile no. 3448/75), even more when establishing the competent Judge by jurisdiction.

9. The above means that were Greystone, acting on behalf of GBMI, to assert rights arising out of the Distribution Agreements and the Sourcing and Developing Agreement, the forum selection clause pursuant to articles 24 of the Sourcing and Developing Agreement and 21 of the Distribution Agreements would be enforceable against Greystone.

10. Therefore, also as for Greystone is concerned, all disputes falling within the applicability of said forum selection clause – that is, arising out or related to the applicability or execution of the contracts – are subject to the mandatory jurisdiction of the Court of Milan. This is the logical consequence of the statement made by Greystone who asserts to be acting for those rights as if in place of GBMI itself. Therefore undoubtedly said forum selection clause is applicable for Greystone, in compliance with the Italian law.

11. Turning to the application of the forum selection clauses, all counterclaims and third-party claims submitted by Greystone and GBMI having as a subject *any dispute between the Parties and arising out or connected with the Agreement* (Distribution Agreements) or *that may arise or should be associated with this Agreement* (Sourcing Agreement) must be submitted to the jurisdiction of the Court of Milan. Therefore all counterclaims set out by Greystone and GBMI must be examined in order to understand whether, according to their subject, they fall within the mandatory jurisdiction of the Court of Milan.

12. In analyzing the claims, I have used the paragraph numbers and claim numbers in the Greystone pleading, since it has additional claims to that of GBMI.

13. **Second Counterclaim:** This claim for conversion asserts that GBMI had the right of possession and control of the Long Beach Shoes which were shipped pursuant to the Distribution Agreements and that the Diesel Entities interfered with such right. This claim turns on the application of the retention of title provided for by the Distribution Agreements (art. 5.4). As a result, the second counterclaim must be



submitted to the Court of Milan, pursuant to the forum selection clause set forth in the Distribution Agreement.

14. **Third counterclaim:** This tortious interference claim is grounded upon allegations that in October 2007 Diesel contacted GBMI's customers and tried to convince them to cancel their orders with GBMI, and have those orders filled by Diesel instead. GBMI also alleges that Diesel informed GBMI's customers that GBMI was out of business and would not be able to fill their orders. These alleged actions turn on the status of the orders under the Distribution Agreements and whether the agreements had been properly terminated. As a result, the third counterclaim must be submitted to the Court of Milan.

15. **Fourth counterclaim:** This claim is analogous to the third counterclaim; therefore the same observations apply here as well.

16. **Fifth counterclaim:** This counterclaim must be analyzed by looking at the various actions which are alleged to have resulted in unjust enrichment. All of those actions relate to the Distribution Agreements or Sourcing Agreement and therefore this claim must be submitted to the Court of Milan. Specifically, referring to the subparagraphs on paragraph 163: (a): the assertion of control over the Long Beach Shoes is exclusively based on rights arising out of the Distribution Agreement and related to it; (b): it is literally based on the breaches of the Distribution Agreements; (c) and (d): the interferences refer to claims third and fourth above, and concern the interpretation and execution of the Distribution Agreement, being related to the execution, delivery and payment of the orders obtained by GBMI under the Distribution Agreements: in this case there applies the interpretation principle established by the Corte di Cassazione Civile

(Italian Supreme Court of Cassation, Section I, 11 april 2001, Decision No. 5371 Soc. Bonifica S.p.a. v. Ministero degli Esteri) whereby the forum selection clause also applies to controversies arising in relation to the amendments made by the parties to the original contents of the contract; (e): it represents a breach of the Sourcing Agreement; (f): all the alleged oral agreements exclusively represent modifications of the distribution agreements relations; (g): these actions relating to GBMI's 2008 efforts are connected with the application and termination of the Distribution Agreements; letter (g)(sic): This claims a direct breach of the Sourcing Agreement.

17. Thus, all the above mentioned claims fall within the mandatory jurisdiction of the Court of Milan because they are all connected to disputes connected with the Distribution Agreements or the Sourcing Agreement.

18. **Sixth counterclaim**: This claim concerns the breach of the Distribution Agreement by Props and Kid and must be submitted to the jurisdiction of the Court of Milan.

19. **Seventh counterclaim**: This counterclaim for breach of oral agreements is directly connected with the application of the Distribution Agreements, as the Long Beach shoes were delivered within the existing contractual relationship and against them the retention of title was enforced as provided for by the Distribution Agreements. Moreover, any oral agreement would simply be a modification of the Distribution Agreements. As already pointed out, also in this case there applies the interpretation principle established by the Corte di Cassazione Civile (Italian Supreme Court of Cassation, Section 1, 11 april 2001, Decision No. 5371 Soc. Bonifica S.p.a. v. Ministero



degli Esteri) whereby the forum selection clause also applies to controversies arising in relation to the amendments made by the parties to the original contents of the contract.

20. **Eighth counterclaim**: This claim directly concerns the breach of the Developing and Sourcing Agreement, according to the assertions made by Greystone and GBMI themselves and must be submitted to the jurisdiction of the Court of Milan.

21. **Ninth counterclaim**: This claim for fraud is totally related to the application of the Distribution Agreement, thus it falls within the forum selection clause. In fact, paragraph 185 of the Answer relating to the fraud claim sets out a number of actions that would represent false representations solely regarding the correct and punctual execution of the Distribution Agreements. ¶185(a) concerns the timely shipping of the goods; being "on time" connected to the Distribution Agreement; ¶185(b) concerns the willingness to address the consequences ensuing a bad execution of the Distribution Agreement; ¶185(c) envisages the intention to continue with the Distribution Agreement relationship; it is thus connected to contract expiration; and ¶185(d) relating to the release of the Long Shoes is connected to the application of the Distribution Agreement for reasons I have previously set forth.

22. I understand that the Non-Interference Agreements claims addressed in Greystone's first claim are asserted directly by Greystone and not as assignee. For the reasons set forth above, this claim is entirely connected with the execution and application of the Distribution Agreements and of the Developing and Sourcing Agreement, and is therefore subject to the exclusive jurisdiction of the Court of Milan.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: January 22, 2008

_____
Carlo Pascotto