UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DIESEL PROPS S.R.L. and
DIESEL KID S.R.L.,

        Plaintiffs/Counter-Defendants,

        -against-

GREYSTONE BUSINESS CREDIT II LLC
and GLOBAL BRAND MARKETING INC.,

        Defendants/Counter-Plaintiffs

        -against-

DIESEL S.p.A.

        Third-Party Defendant.
------------------------------------------------------------------x

Civil Action No. 07CV9580 (HB)

**DECLARATION OF
IRA S. SACKS**

        IRA S. SACKS, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

        1.    I am a partner in Dreier LLP, counsel to Diesel Props S.r.l. ("Props") and Diesel Kid S.r.l. ("Kid") in the above captioned action. I submit this declaration in support of the motion (the "Motion") of Diesel Props S.r.l. ("Props") and Diesel Kid S.r.l. ("Kid") for a temporary restraining order and a preliminary injunction merely to highlight the portions of the agreements previously filed which demonstrate that the inventory at issue belongs to Props/Kid..

        2.    On November 4, 2005, each of Props and Kid entered into distribution agreements with Global Brand Marketing Inc. ("GBMI") for the sale of their products in the United States. Those agreements have been filed in the Exhibit Binder in connection with the original motion for a preliminary injunction as Exhibit B.

1

3.   Article 5.4 of the Distribution Agreements provides for retention of title by Props and Kid until GBMI pays for products delivered by Props and Kid. Specifically, the clause states that "without prejudice to what is agreed above, the ownership of the Products will be transferred to the Distributor only when total payment of the same is collected by the Company."

4.   The Distribution Agreements were amended on December 7, 2006, effective October 27, 2006. In those amendments, Article 12.3 was amended to provide that Props/Kid will have the right to purchase GBMI's inventory on the following conditions: "any Product in new condition which the Company continues to produce will be purchased at the original cost price that the Distributor paid for such Product to the Company." Those amendments were filed in the Exhibit Binder in connection with the original motion for a preliminary injunction as Exhibit E. Props and Kid exercised that right by letters dated October 17, 2007. The letters were filed in the Exhibit Binder in connection with the original motion for a preliminary injunction as Exhibit L.

5.   As a result, both because of the **retention of title** and also because of the **exercised right to repurchase inventory**, the inventory at issue on the Motion belongs to Props/Kid. GBMI did not have the right of ownership or lawful possession as of the date this action was commenced.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 10, 2008
New York, New York

                                                  s/ Ira S. Sacks
                                                Ira S. Sacks