UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DIESEL PROPS S.R.L. and
DIESEL KID S.R.L.,

       Plaintiffs/Counter-Defendants,

       -against-

GREYSTONE BUSINESS CREDIT II LLC
and GLOBAL BRAND MARKETING INC.,

       Defendants/Counter-Plaintiffs

       -against-

DIESEL S.p.A.

       Third-Party Defendant.
------------------------------------------------------------x

Civil Action No. 07CV9580 (HB)

**DECLARATION OF**
**STEPHEN G. BIRKHOLD**

STEPHEN G. BIRKHOLD declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I am the Chief Executive Officer for Diesel U.S.A., Inc. ("Diesel USA"). I submit this declaration in support of Plaintiffs Diesel Props S.r.l.'s ("Props") and Diesel Kid S.r.l.'s ("Kid") renewed motion for a temporary restraining order and a preliminary injunction restraining Defendants Global Brand Marketing, Inc. ("GBMI") and Greystone Business Credit II LLC ("Greystone") and all persons in concert and participation with them, from transferring, selling, distributing or otherwise disposing of their inventory of approximately 101,000 pairs of Diesel branded footwear. Other than as expressly set forth, I have personal knowledge of all facts set forth herein.

2. I have been CEO of Diesel USA since October 29, 2007. Since Plaintiff's termination of their Distribution Agreements with GBMI, my role as CEO has included supervising the sale of Diesel branded footwear by communicating with customers regarding the 2008 footwear lines. Anthony Strippoli, who is in charge of footwear sales, reports directly to me.

3. Diesel USA is the new distributor of Plaintiffs' footwear. In recent months, Diesel USA has made extensive efforts to market Plaintiffs' footwear product as a mid-priced to luxury brand and sell to high-end retail accounts. These high-end retail accounts include such retailers as Bloomingdales, Neiman Marcus and Nordstrom.

4. Certain high-end retail accounts have informed me that they reduced or stopped carrying Diesel branded footwear because of problems with GBMI, including GBMI's significant sales at off-price to discount outlets. We negotiated with these high-end retail accounts to have them return to the Diesel footwear fold.

5. During these negotiations, these high-end retail customers have specifically asked me whether there were significant amounts of old GBMI product which would be distributed into the marketplace. I assured these customers that, based on representations made by GBMI, Greystone and/or their counsel, that little, if any, old GBMI product remained to be distributed into the marketplace.

6. In addition, I also informed these customers that Diesel branded footwear was going to be sold to a smaller group of higher-end accounts, and positioned as a mid-priced to luxury brand, selling at $80 to $400 retail.

7. I understand from counsel that there are, contrary to what we were previously told, approximately 101,000 pairs of old GBMI inventory to be sold to a

single purchaser at $20 per pair. At that price, the retail selling price is likely to be $30 to $40 per pair. If 101,000 pairs of old GBMI inventory of Diesel branded shoes were to flood the marketplace and sell at $30 to $40 at retail (or even slightly higher), Plaintiffs' goodwill and brand will be severely and irreparably injured.

8. The high-end retail accounts mentioned above have made it plain that they will not carry Diesel branded footwear if old GBMI inventory appears in substantial quantities at discount retailers. Those accounts also have placed orders based on our representations about the lack of old GBMI inventory. Our credibility will be destroyed and those accounts will cancel their orders and cease doing business with Plaintiffs and Diesel USA if 101,000 pairs of shoes are released into the marketplace.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 8, 2008  
New York, New York

s/ Stephen G. Birkhold  
Stephen G. Birkhold