DREIER

ATTORNEYS AT LAW

The Cursky Group

Mark S. Lafayette *Of Counsel*
Direct 212 652 3772
mlafayette@dreierllp.com

RECEIVED
OCT 31 2007
U.S. DISTRICT JUDGE
S.D. N.Y.

October 30, 2007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/1/07

VIA FACSIMILE

Honorable Harold Baer, Jr.
United States District Court
United States Court House
500 Pearl Street, Room 2230
New York, NY 10007

**Re: Diesel Props S.r.l. v. GBMI, 07 CV 9580 (HB)**

Dear Judge Baer:

This letter will serve to confirm the directives of the Court, with certain slight medications agreed to by the parties and the representations made by counsel for defendant Greystone during today's conference call.

The hearing on plaintiff's motion for a preliminary injunction has been adjourned to November 19, 2007 at 2:00 p.m. The parties shall have ten (10) days from today to conduct discovery with respect to issues relevant to the relief requested by plaintiffs. Depositions, if any, of plaintiffs who reside abroad may be conducted telephonically and depositions of plaintiffs who are present in the United States, if any, may be conducted in person. Defendants shall file all papers in opposition to plaintiff's motion no later than 5:00 p.m. on November 16, 2007. Plaintiffs may submit papers in reply to defendants' submission at the hearing of the motion.

Greystone's counsel has represented that pending the hearing of the motion, in addition to complying with the temporary restraining order dated October 29, 2007, that no Diesel brand footwear will be sold except in a manner consistent with the ordinary course of dealing between defendant GBMI and plaintiffs. That language is agreed among the parties.

In an attempt to further clarify the above representation, we asked that Greystone agree to the language set forth below:

Greystone's counsel has represented that pending the hearing of the motion, in addition to complying with the temporary restraining order dated October 29, 2007, that no Diesel brand footwear will be sold except in a manner consistent with the **agreements and** ordinary course of dealing between defendant GBMI and plaintiffs **(as established prior to**



499 Park Avenue New York, New York 10022
Telephone 212 328 6100 Facsimile 212 328 6101
Los Angeles · Stamford · Albany
www.dreierllp.com

**September 4, 2007). Such practice includes, but is not limited to, that spring/summer 2007 footwear may now be sold to discount outlets and fall/winter 2007 footwear may not be sold to discount outlets until January 2008.**

Defendant's refused to agree to matter set forth in bold above for the following reasons:

a) Defendants' contended that plaintiffs and defendants did not always act in accordance with the terms of the agreements between plaintiffs and GBMI.

b) Defendants believe that plaintiffs at times allowed GBMI to sell slow selling Fall/ Winter 2007 footwear to discount outlets before January 2008.

c) Defendants contend that plaintiffs and GBMI continued to interact and have a course of dealing after September 4, 2007.

If Defendants, as a result of the exception to the TRO, are permitted to sell the footwear which Plaintiffs contend is owned by them or pursuant to agreement should be returned to them at cost (see paragraphs 5.4 and 12.3 of the Distribution Agreements, as amended), Plaintiffs respectfully request that, in addition to the ordinary course of business between Plaintiffs and GBMI, Defendants be required to also comply with the Distribution Agreements, thus providing an objective standard to what Defendants may do. In addition, if Fall/Winter 2007 footwear is going to be sold to discount outlets, that such sales not be permitted to occur until January 2008 as contemplated by paragraphs 1.5 and 4.4 of the Distribution Agreements, or that it be limited to styles previously approved by Diesel for such sales.

We ask that your Honor "so order" those parts of this letter which it finds proper to be included in the temporary restraining order. Thank you for your consideration.

Respectfully,

[signature]

Mark S. Lafayette

cc: Daniel P. Shapiro, Esq. (via facsimile)
Mark Parry, Esq. (via facsimile)
Sudeepto Datta (via facsimile)

11/1/07 – I agree w the Δ – i.e. what can be sold + when that's fine but w schedule you can agree on more [illegible] for now I'm happy w the language agreed to by the parties (I hope) & the [illegible] heretofore [illegible] more from me which I would await the hearing [illegible] appreciate some time [illegible]

SO ORDERED

Harold Baer USDJ

(00301973.DOC;2)

TOTAL P.03

Endorsement:

I agree with the defendant - If you can agree on more, i.e., what can be sold and when that's fine but for now I'm happy with schedule and the language agreed to by the parties heretofore, and more from me will (I hope) await the hearing for which I would appreciate some timetable.