## NOTICE OF PRIVATE SALE OF ASSETS

**NOTICE IS HEREBY GIVEN** that at or after 10:00 A.M. Pacific Standard Time on December 4, 2007, GBC Funding, LLC (as successor to Greystone Business Credit II, L.L.C.) ("Lender"), as secured creditor, will sell at a private sale conducted in accordance with the Uniform Commercial Code as enacted in the applicable jurisdiction and other applicable law (the "Private Sale"), all of the right, title and interest of Global Brand Marketing Inc. ("Borrower") in, under and to the assets described on <u>Exhibit A</u> hereto (collectively, the "Collateral").

Borrower has granted a security interest in the Collateral to Lender to secure Borrower's Obligations under that certain Loan and Security Agreement dated as of December 4, 2007, between Borrower and Lender (as amended, supplemented or otherwise modified from time to time, the "Loan Agreement"). "Events of Default" (as that term is defined in the Loan Agreement) have occurred and remain in existence. As of the date hereof, the total amount of the Obligations is not less than $15,400,000 <u>plus</u> accrued and accruing interest, fees and other costs.

Lender will apply the sale proceeds received for the Collateral at the Private Sale to the Obligations and remit surplus, if any, in excess of the Obligations to Borrower or other parties entitled thereto, in accordance with applicable law.

Borrower will be liable for any Obligations remaining after the Private Sale or other disposition of the Collateral. Lender expressly reserves the right to (i) withdraw all or part of the Collateral from the Private Sale, or (ii) cancel the Private Sale at any time.

Borrower is entitled to an accounting of the Obligations secured by the Collateral, which accounting may be obtained by contacting Mr. Santino Sarrica at (212) 649-9763.

Dated: November 23, 2007

Very truly yours,

GBC FUNDING, LLC, a Delaware limited liability company (as successor to GREYSTONE BUSINESS CREDIT II, L.L.C. a Delaware limited liability company)

By _____
Its _____

## Exhibit A

All property and interests in property in or upon which a security interest or other lien is granted pursuant to the Loan Agreement or the Loan Documents (as defined in the Loan Agreement) other agreements related thereto, including, without limitation, all of the property of Borrower described below (capitalized terms used herein shall have the meanings ascribed to such terms in the Uniform Commercial Code as adopted and in effect in the State of New York):

(i) all Accounts and all Goods whose sale, lease or other disposition by Borrower has given rise to Accounts and have been returned to, or repossessed or stopped in transit by, Borrower;

(ii) all Chattel Paper, Instruments, Documents and General Intangibles (including, without limitation, all patents, patent applications, trademarks, trademark applications, tradenames, trade secrets, goodwill, copyrights, copyright applications, registrations, licenses, software, franchises, customer lists, tax refund claims, claims against carriers and shippers, guarantee claims, contracts rights, payment intangibles, security interests, security deposits and rights to indemnification);

(iii) all Inventory;

(iv) all Goods (other than Inventory), including, without limitation, Equipment, vehicles and Fixtures;

(v) all Investment Property (other than the voting securities of certain foreign subsidiaries of Borrower;

(vi) all Letter-of-Credit Rights;

(vii) all Supporting Obligations;

(viii) any other property of Borrower now or hereafter in the possession, custody or control of Lender or any agent or any parent, affiliate or subsidiary of Lender or any participant with Lender in the loans facility with Borrower, for any purpose (whether for safekeeping, deposit, collection, custody, pledge, transmission or otherwise); and

(ix) all additions and accessions to, substitutions for, and replacements, products and Proceeds of the foregoing property, including, without limitation, proceeds of all insurance policies insuring the foregoing property, and all of Borrower's books and records relating to any of the foregoing and to Borrower's business;

provided, however, that the foregoing shall not include (a) any claims, counterclaims, causes of actions, contract rights, commercial tort claims, or choses-in-action by or against Diesel S.p.A. and the affiliates of Diesel S.p.A., including any and all claims, counterclaims, commercial tort claims and causes of action arising out of or related in any way to the pending litigation in the United States District Court for the Southern District of New York (Case No. 07 CV 9580(HB)), or (b) any deposit accounts, bank accounts deposits or cash; all of which are excluded from the Collateral that is being sold pursuant to the Private Sale.



GOLDBERG KOHN

CERTIFIED MAIL

7004 2510 0001 9605 1771

Diesel Props S.r.l.
Diesel Kid S.r.l.
Diesel S.p.A.
c/o Ira Sacks, Dreier LLP
499 Park Avenue
New York, NY 10022



U.S. POSTAGE PAID
CHICAGO, IL
60604
NOV 23, '07
AMOUNT
$3.06
00035489-10