UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DIESEL PROPS S.R.L. and
DIESEL KID S.R.L.,

                        Plaintiffs/Counter-Defendants,

            -against-

                                           Civil Action No. 07 CV 9580 (HB)

GREYSTONE BUSINESS CREDIT II LLC
and GLOBAL BRAND MARKETING INC.,

                        Defendants/Counter-Plaintiffs,

            -against-

DIESEL S.p.A.,

                       Third-Party Defendant.
-------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO
DISMISS COUNTERCLAIMS OF GLOBAL BRAND MARKETING INC.**

Ira S. Sacks
Mark S. Lafayette
DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100
(212) 328-6101 (fax)
*Counsel for Plaintiffs*

# TABLE OF CONTENTS

Plaintiffs' Reply Memorandum of Law In Further Support Of Their Motion To Dismiss The Counterclaims Asserted By Defendant Global Brand Marketing Inc. ........................................... 1

I.      The Forum Selection Clause Is Valid And Enforceable Against GBMI ........................... 2

II.     The Breach Of Oral Agreement Counterclaim Must Be Dismissed ................................. 3

III.    The Conversion Counterclaim Must Be Dismissed ............................................................ 4

IV.     The Tortious Interference Counterclaims Must Be Dismissed ......................................... 5

V.      The Unjust Enrichment Counterclaim Must Be Dismissed ............................................... 6

VI.     The Fraud Counterclaim Must Be Dismissed  .................................................................. 7

VII.    The Counterclaim For Breach Of The Distribution And Sourcing Agreements Must Be Dismissed ............................................................................................................................. 8

Conclusion ................................................................................................................................... 9

i

## TABLE OF AUTHORITIES

**FEDERAL CASES**                                                      **PAGE**

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
   493 F.3d 87 (2d Cir. 2007) ......................................................................... 2

*Bell Atlantic Corp. v. Twombly*,
   127 S. Ct. 1955 (2007) ............................................................................... 5

*Briarpatch Ltd, L.P. v. Pate*,
   81 F. Supp. 2d 509 (S.D.N.Y. 2000) ......................................................... 4

*Fisk v. Letterman*,
   401 F. Supp. 2d 362 (S.D.N.Y. 2005) ....................................................... 3

*Kuhne v. Midland Credit Management, Inc.*,
   2007 WL 2274873 (S.D.N.Y. Aug. 7, 2007) .............................................. 1

*Mangiafico v. Blumenthal*,
   471 F.3d 391 (2d Cir. 2006) ....................................................................... 1

*Matusowsky v. Merrill Lynch*,
   186 F. Supp. 2d 397 (S.D.N.Y. 2002) ....................................................... 1

*Mills v. Polar Molecular Corp.*,
   12 F.3d 1170 (2d Cir. 1993) ....................................................................... 7

*Mouawad National Co. v. Lazare Kaplan International, Inc.*,
   476 F. Supp. 2d 414 (S.D.N.Y. 2007) ....................................................... 2

*Phillips v. Audio Active Ltd.*,
   494 F.3d 378 (2d Cir. 2007) ....................................................................... 9

*Rey-Willis v. Citibank, N.A.*,
   2004 WL 315267 (S.D.N.Y. Feb. 18, 2004) .............................................. 7

*Roth v. Jennings*,
   489 F.3d 499 (2d Cir. 2007*)* ...................................................................... 1

*Spagnola v. The Chubb Corp.*,
   2007 WL 927198 (S.D.N.Y. Mar. 27, 2007) .............................................. 2

*Telstar Resources Group, Inc. v. MCI, Inc.*,
   476 F. Supp. 2d 261 (S.D.N.Y. 2007) ....................................................... 6

ii

*U.S. v. Investronica, Inc.*,
    2 F. Supp. 2d 330 (W.D.N.Y. 1998) ...................................................................... 7

*U.S. v. N.Y.S. Division of the Lottery*,
    2007 WL 1703656 (S.D.N.Y. Mar. 13, 2007) ........................................................ 4

**STATE CASES**

*Brett Fabrics, Inc. v. Garan, Inc.*,
    170 A.D.2d 253, 565 N.Y.S.2d 521 (1st Dep't 1991) ............................................ 8

*Roney v. Janis*,
    77 A.D.2d 555, 430 N.Y.S.2d 333 (1st Dep't 1980) ............................................. 8

*The River Glen Associate Ltd. v. Merrill Lynch Credit Corp.*,
    295 A.D.2d 274, 745 N.Y.S.2d 870 (1st Dep't 2002) ............................................ 8

**STATUTES**

UCC § 2-201 ......................................................................................................................... 3

iii

**Plaintiffs' Reply Memorandum of Law In Further Support Of Their Motion To Dismiss
The Counterclaims Asserted By Defendant Global Brand Marketing Inc.**

Plaintiffs Diesel Props S.r.l. ("Props") and Diesel Kid S.r.l. ("Kid") respectfully submit this Reply Memorandum of Law in further support of their motion to dismiss the counterclaims asserted by Defendant Global Brand Marketing Inc. ("GBMI") (the "Motion to Dismiss"). [1] GBMI has not submitted any opposition to Plaintiffs' Motion to Dismiss, but instead, has simply joined in the opposition of Greystone Business Credit II, LLC ("Greystone"). That mere joinder makes absolutely no sense. The majority of Greystone's arguments apply solely to Greystone, and are unrelated to Plaintiffs' arguments for dismissal of GBMI's counterclaims.

Greystone's brief focuses primarily on whether the mandatory forum selection clauses contained in the parties' agreements apply to Greystone <u>as a third party</u>. However, GBMI is a party to those agreements and is contractually bound by the forum selection clauses. The remainder of Greystone's brief contends that Greystone has standing to assert claims on behalf of GBMI; this argument clearly does not apply to GBMI. Finally, Props and Kid separately assert numerous grounds why the counterclaims asserted by GBMI are fatally defective, an argument to which GBMI completely fails to respond. Simply stated, GBMI cannot avoid dismissal of its claims by joining in Greystone's brief, because the majority of Greystone's arguments do not apply to GBMI. Accordingly, Props' and Kid's motion to dismiss should be granted in its entirety. [2]

---

[1] Greystone has filed an Answer with counterclaims almost identical to GBMI's. Plaintiffs also moved to dismiss Greystone's counterclaims, and submit a separate reply brief in further support of that motion ("Greystone Reply Brief"). Plaintiffs incorporate the Greystone Reply Brief by reference herein. As demonstrated in the Greystone Reply Brief and in this brief, GBMI's counterclaims must be dismissed. As many of the arguments overlap, Plaintiffs also incorporate by reference Diesel S.p.A's ("SpA") Reply Memorandum in Support of Motion to Dismiss Third Party Complaints (the "SpA Reply Brief").

[2] As required on this Motion, the facts material to the Motion accept the well-pleaded allegations in the Answer as true and are based on those alleged facts and the documents referred to in the Answer. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Roth v. Jennings*, 489 F.3d 499, 503 (2d Cir. 2007*)*; *Kuhne v.*

## I.     The Forum Selection Clause Is Valid And Enforceable Against GBMI[3]

The forum selection clauses contained in the Distribution Agreements and the Sourcing Agreement are valid and enforceable against GBMI, a party to those agreements.[4]  *See* Ex. B, ¶ 21.2;[5] Declaration of Ira S. Sacks, dated January 22, 2008 ("Sacks Dec."), Ex. C, ¶ 24. Mandatory forum selection clauses, such as those presented here, are valid and enforceable.  The existence of a valid forum selection clause places the burden on the party seeking to circumvent the clause to "make a strong showing to defeat that contractual commitment."  *Mouawad Nat'l Co. v. Lazare Kaplan Int'l, Inc.*, 476 F. Supp. 2d 414, 420 (S.D.N.Y. 2007).  Here, GBMI has not and cannot make any showing that the forum selection clauses of the parties' contracts should be ignored.  GBMI specifically agreed to the forum selection clauses and has neglected to set forth any argument that the forum selection clauses should be disregarded.  As such, all claims arising out of or connected with the Distribution Agreements must be dismissed and brought in Italy. This includes each and every counterclaim brought by GBMI against Props and Kid, as more

---

*Midland Credit Mgmt., Inc.,* 2007 WL 2274873, at *1 (S.D.N.Y. Aug. 7, 2007); *Matusowsky v. Merrill Lynch,* 186 F. Supp.2d 397, 400 (S.D.N.Y. 2002).  However, the court must not accept allegations as true when they are **underlined**directly contradicted**underlined** by documentary evidence referenced in the complaint.  *See Spagnola v. The Chubb Corp.*, 2007 WL 927198, at *2 (S.D.N.Y. Mar. 27, 2007) (Baer, J.); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007).

[3] The facts related to Plaintiffs' Motion to Dismiss have been previously set forth and are referenced for the Court's convenience in the accompanying Declaration of Ira S. Sacks, dated March 25, 2008, and will not be repeated herein.

[4] The Distribution Agreements contain a provision above GBMI's signature in which GBMI acknowledges that it has carefully and entirely examined the entire language of Paragraph 21 and that it expressly approves the entire content of same.  *See* Ex. B, ¶ 21.  Further, GBMI has alleged that the Distribution and Sourcing Agreements "are valid and enforceable." *See* Answer, ¶¶ 161, 173.

[5] Reference herein to "Ex. __" refer to the Exhibit Binder filed under seal by Props and Kid in support of their Motion for a Temporary Restraining Order and Preliminary Injunction on October 26, 2007.

fully set forth in Plaintiffs' Motion to Dismiss.[6]

## II.    The Breach Of Oral Agreement Counterclaim Must Be Dismissed[7]

GBMI's sixth counterclaim for breach of oral agreement must be dismissed because the alleged oral agreement between Diesel and Greystone/GBMI is void for lack of consideration. Defendants argue that consideration was provided by GBMI by the payment of customs and demurrage charges for the Long Beach Shoes.  However, GBMI does not assert in its counterclaims that the payment of customs and demurrage charges was in consideration for the oral agreement.  In addition, UCC § 2-201 provides that a contract for a sale of goods for the price of $500 or more is not enforceable unless there is some writing sufficient to indicate that a contract of sale has been made between the parties and signed by the party against whom enforcement is sought.

GBMI also asserts that ownership of the Long Beach Shoes and failure to deliver the Long Beach Shoes is a breach of the Distribution Agreements, a written agreement.  Neither Greystone nor GBMI has responded to this contradiction.

Furthermore, Defendants' assert that Luigi Mezzasoma, managing director of Props, made the alleged statements which served as a basis for the oral agreement and assert that Mezzasoma had the authority to bind all of the Diesel Entities.  As set forth above, even if that were true – which it is not – the oral agreement remains unenforceable.  Moreover, Defendants' cannot rely on their pleadings to allege that Mezzasoma acted on behalf of all of the Diesel Entities, however, where the pleadings are directly contradicted by documents relied on in those

---

[6] All of the arguments asserted by Props and Kid in the Greystone Reply Brief relating to the Forum Selection Clause are incorporated by reference herein to the extent they are applicable.

[7] All of the arguments asserted here are hereby incorporated into the Greystone Reply Brief to the extent that they are applicable.

pleadings.  *See Fisk v. Letterman*, 401 F. Supp. 2d 362, 369 (S.D.N.Y. 2005) (the court is not obligated to "reconcile plaintiff's own pleadings that are contradicted by other matters asserted or relied upon or incorporated by reference by a plaintiff in drafting the complaint").  Therefore, although GBMI alleges in its counterclaims that Mezzasoma acted on behalf of all three Diesel Entities, that allegation is directly contradicted by key documents demonstrating that Mezzasoma acted only on behalf of Props.  *See* Exs. B, E, F.

For all of the foregoing reasons, and the reasons previously set forth in Plaintiffs' moving papers, the counterclaim for breach of oral agreement must be dismissed, and at the very least must be dismissed against Kid, which is not alleged to have made any of the statements that form the basis of the oral agreement.

### III.    The Conversion Counterclaim Must Be Dismissed

GBMI's first counterclaim for conversion of the Long Beach Shoes must be dismissed, because Diesel has a superior, possessory right to those shoes.  "Under New York law, the elements of conversion are (i) plaintiff's legal ownership or an immediate superior right of possession to specific, identifiable personal property and (ii) defendant's exercise of unauthorized dominion over the thing in question to the exclusion of plaintiff's rights."  *Briarpatch Ltd, L.P. v. Pate*, 81 F. Supp. 2d 509, 516 (S.D.N.Y. 2000); s*ee also U.S. v. N.Y.S. Div. of the Lottery*, 2007 WL 1703656, at *3 (S.D.N.Y. Mar. 13, 2007) ("to establish a conversion action, a plaintiff must show legal ownership of, or a superior possessory right in, the disputed property").

Pursuant to Paragraph 12.3 of the Distribution Agreements, Diesel had a right to buy back any inventory remaining in GBMI's possession after termination of the Distribution Agreements.  *See* Ex. B.  Props and Kid made such a demand, but GBMI refused to comply.  *See*

4

Ex. L.  The inventory that GBMI claims Diesel has converted belongs to Diesel.  Thus, neither Greystone nor GBMI can claim a superior, possessory right to the Long Beach Shoes, and the conversion claim must be dismissed.

In addition, the conversion claim must surely be dismissed against Kid.  As set forth in more detail below with respect to GBMI's tortious interference claims, GBMI has not alleged that Kid was responsible for any act in connection with what GBMI alleges to constitute conversion.

### IV.    The Tortious Interference Counterclaims Must Be Dismissed

In addition to dismissal because of the forum selection clause, GBMI's second and third counterclaims for tortious interference with business/contractual relationships must be dismissed against Kid, because GBMI has failed to allege that Kid took any actions which would form the basis for a tortious interference claim.  Despite GBMI's insistence that it is not required to identify whether Props, Kid or SpA is responsible for each alleged act of tortious interference, as set forth in Plaintiffs' Motion to Dismiss and in the SpA Reply Brief, GBMI cannot simply rely on identifying the "Diesel Entities" as responsible.

In GBMI's allegations in support of its claims for tortious interference, GBMI refers to "the Diesel Entities" as having committed the actions which form the basis for the torts; and GBMI defines the "Diesel Entities" in the Answer as SpA, Props and Kids.  *See* Answer, ¶ 53.  However, GBMI fails to plead <u>which</u> of the Diesel Entities is responsible for any of the complained of actions.  That pleading clearly fails to comply with the pleading requirements as established in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).[8]

---

[8]  An extended discussion of *Twombly* is set forth in the SpA Reply Brief, which is incorporated by reference herein.

To the extent that GBMI does specifically identify any actor on behalf of the Diesel Entities, it only identifies Mezzasoma, as an alleged "senior employee" of the Diesel Entities. However, it is clear from the agreements and documents referred to in GBMI's Answer that Mezzasoma was a Managing Director of Props and had no position with Kid or SpA. Indeed, as GBMI well knew, Kid and SpA were separate entities from Props and other individuals (Marina Tosin and Germano Ferraro) acted on behalf of Kid and SpA. *See* Exs. B, D, E, F. GBMI does not identify any representatives of Kid that were responsible for the alleged tortious interference with GBMI's business relationships and contracts. Therefore, any claim for tortious interference must be dismissed against Kid for failure to state a claim.[9]

**V.    The Unjust Enrichment Counterclaim Must Be Dismissed**

GBMI's fourth counterclaim for unjust enrichment must be dismissed. There are several valid contracts which govern the relationship between GBMI and Props/Kid. *See, e.g.,* Ex. B, F. It is well-established under New York law that "a claim for unjust enrichment cannot be sustained where a valid written contract governs the relationship between the parties." *Telstar Res. Group, Inc. v. MCI, Inc.*, 476 F. Supp. 2d 261, 274-75 (S.D.N.Y. 2007).

GBMI has not submitted any argument which would lead to a contrary result. Instead, GBMI joins Greystone's argument that the counterclaim for unjust enrichment should not be dismissed because Greystone might be able to recover against Diesel outside of these agreements. This argument is inapplicable to GBMI, who has not alleged any possibility of recovery outside of the agreements it has signed with Diesel. The existence of valid contracts between Diesel and GBMI eliminates any possibility that GBMI would be able to recover against

---

[9] In addition, Kid cannot be held liable under a veil piercing theory. As set forth in detail in the SpA Reply Brief, GBMI has failed to pierce the corporate veil between Props, SpA and Kid.

Diesel outside of the contract.[10]

### VI.     The Fraud Counterclaim Must Be Dismissed [11]

GBMI's eighth counterclaim for fraud must be dismissed.  GBMI has not met the heightened pleading requirements for fraud.  Rule 9(b) provides:

> In alleging fraud or mistake, a party must **state with particularity** the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

As more fully outlined in Plaintiffs' Motion to Dismiss, GBMI has not alleged which particular entity committed each alleged instance of fraud.   To satisfy the Rule 9(b) heightened pleading standard, the "complaint must allege when and where the alleged statements were made, identify the individual responsible for the statements, and specify the content of the alleged fraudulent statements."  *U.S. v. Investronica, Inc.*, 2 F. Supp. 2d 330, 336 (W.D.N.Y. 1998) (citing *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)); s*ee Rey-Willis v. Citibank, N.A.*, 2004 WL 315267, at *1 (S.D.N.Y. Feb. 18, 2004).  GBMI has failed to comply with Rule 9(b) and has failed to identify (i) statements which constitute misrepresentations of a present or pre-existing fact or (ii) representations on which GBMI may allege reasonable reliance, as required to properly allege a counterclaim for fraud.

In addition, the fraud alleged by GBMI falls into the category of stated intent, rather than a material misrepresentation of fact.  It is well-settled that a stated intent, "rather than being a material misrepresentation of fact, [is] only a statement of future intentions, speculative

---

[10] Greystone's argument also fails.  There are valid contracts that govern every aspect of the relationship between Diesel, Greystone and GBMI, including the Distribution Agreements, Sourcing Agreement, TPA, and Non-Interference Agreements.  *See* Exs. B, D, E, F.  As such, Greystone's counterclaim for unjust enrichment must be dismissed as well.

[11] These same arguments apply to Greystone's opposition to Diesel's motion to dismiss its fraud counterclaim.

expectations, or an expression of hope when made," and cannot form the basis for a fraud claim. *See Brett Fabrics, Inc. v. Garan, Inc.*, 170 A.D.2d 253, 254, 565 N.Y.S.2d 521, 522 (1st Dep't 1991) (a stated intent to maintain a business relationship was not a material misrepresentation of fact); *Roney v. Janis*, 77 A.D.2d 555, 557, 430 N.Y.S.2d 333, 335 (1st Dep't 1980) (cause of action for fraud cannot be based on statement of future intentions). Contrary to Greystone's assertion, the language utilized in connection with GBMI's (and Greystone's) allegations of fraud – that of "willingness" and "intent" – are not the type of concrete representations as to a future performance which can be said to be misrepresentations of fact which can be reasonably relied upon to form a claim for fraud. That is yet another reason why GBMI's counterclaim for fraud must be dismissed.

Further, neither Greystone nor GBMI address Plaintiffs' argument that the "fraud" allegations are nothing more than a dressed up breach of contract claim. Greystone and GBMI have already asserted breach of contract (breach of the Distribution Agreements and alleged oral agreement) and have sought the same damages based upon the same allegations. *See The River Glen Assoc. Ltd. v. Merrill Lynch Credit Corp.,* 295 A.D.2d 274, 275, 745 N.Y.S.2d 870, 871 (1st Dep't 2002). Accordingly, GBMI's (and Greystone's) fraud counterclaim must be dismissed.

### VII.    The Counterclaim For Breach Of The Distribution And Sourcing Agreements Must Be Dismissed

GBMI's fifth and seventh counterclaims for breach of the Distribution Agreements and the Sourcing Agreement are subject to the mandatory forum selection clauses contained in those agreements. *See* Ex. B, ¶21.2; Sacks Dec., Ex. C, ¶ 24. As set forth more fully in Plaintiffs Motion to Dismiss and in the Greystone Reply Brief, a forum selection clause is presumptively enforceable if "the forum clause was communicated to the resisting party, has mandatory force

and covers the claims and parties involved in the dispute." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007). GBMI, as a party to those contracts, cannot feign ignorance of the forum selection clause, nor has it offered any viable reason for disregarding the forum selection clause. As such, GBMI's claims for breach of the Distribution Agreement and Sourcing Agreement must be dismissed.

## <u>Conclusion</u>

For all of the foregoing reasons and the reasons set forth in Diesel's moving papers, this Court should grant Diesel's motion in its entirety.

Dated: New York, New York
      March 25, 2008

DREIER LLP


By: _____/s/ Ira S. Sacks_
     Ira S. Sacks
     Mark S. Lafayette
499 Park Avenue
New York, New York
Telephone: (212) 328-6100
Facsimile: (212) 328-6101
*Attorneys for Plaintiffs*

9