UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DIESEL PROPS S.R.L. and
DIESEL KID S.R.L.,

Plaintiffs/Counter-Defendants,

-against-

Civil Action No. 07 CV 9580 (HB)

GREYSTONE BUSINESS CREDIT II LLC
and GLOBAL BRAND MARKETING INC.,

Defendants/Counter-Plaintiffs,

-against-

DIESEL S.p.A.,

Third-Party Defendant.
------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT**
**OF MOTION TO DISMISS THIRD PARTY COMPLAINTS**

Ira S. Sacks
Mark S. Lafayette
DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100
(212) 328-6101 (fax)
*Counsel for Diesel S.p.A.*

# TABLE OF CONTENTS

Reply Memorandum of Law In Further Support Of Motion To Dismiss Third-Party Complaints 1

I. The Third Party Complaint Fails To State A Claim Against SpA .................................... 2

II. The Third Party Complaint Fails To Allege Veil Piercing ............................................... 5

III. The Entire Third Party Complaint Must Be Dismissed Because Of The Mandatory Forum Selection Clause ........................................................................................................ 6

Conclusion........................................................................................................................ 7

# TABLE OF AUTHORITIES

**FEDERAL CASES** **PAGE**

*Apace Commc'ns, Ltd. v. Burke*,
2007 WL 4125232 (W.D.N.Y. Nov. 16, 2007) .......... 2, 6

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
493 F.3d 87 (2d Cir. 2007) .......... 1

*In re Adler, Coleman Clearing Corp.*,
469 F. Supp. 2d 112 (S.D.N.Y. 2007) .......... 5

*Babitt v. Vebeliunas*,
332 F.3d 85 (2d Cir. 2003) .......... 5

*Bell Atlantic Corp. v. Twombly*,
127 S. Ct. 1955 (2007) .......... 2, 3, 4, 5

*Conley v. Gibson*,
355 U.S. 41 (1957) .......... 3

*In re Currency Conversion Fee Antitrust Litigation*,
265 F. Supp. 2d 385 (S.D.N.Y. 2003) .......... 5

*EED Holdings v. Palmer Johnson Acquisition Corp.*,
387 F. Supp. 2d 265 (S.D.N.Y. 2004) .......... 5

*Erickson v. Pardus*,
127 S. Ct. 2197 (2007) .......... 3, 4

*Exxon Corp. v. Central Gulf Lines*,
717 F. Supp. 1029 (S.D.N.Y. 1989) .......... 6

*Iqbal v. Hasty*,
490 F.3d 143 (2d Cir. 2007) .......... 4

*Kuhne v. Midland Credit Management, Inc.*,
2007 WL 2274873 (S.D.N.Y. Aug. 7, 2007) .......... 1

*Mangiafico v. Blumenthal*,
471 F.3d 391 (2d Cir. 2006) .......... 1

*Matusowsky v. Merrill Lynch*,
186 F. Supp. 2d 397 (S.D.N.Y. 2002) .......... 1

*Mouawad National Co. v. Lazare Kaplan International Inc.*,
476 F. Supp. 2d 414 (S.D.N.Y. 2007) .......... 6

*Playwell Toy, Inc. v. Bureau Veritas Consumer Prod. Serv., Inc.*,
2007 WL 2892031 (W.D.N.Y. Sept. 28, 2007) .......... 6

*Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*,
507 F.3d 117 (2d Cir. 2007) .......... 2

*Roth v. Jennings* ,
489 F.3d 499 (2d Cir. 2007) .......... 1

*In re Scottish Re Group Securities Litigation*,
2007 WL 3256660 (S.D.N.Y. Nov. 2, 2007) .......... 2

*Securities Investors Protection Corp. v. Stratton Oakmont, Inc.*,
234 B.R. 293 (Bankr. S.D.N.Y. 1999) .......... 6, 7

*Shenango Inc. v. America Coal Sales Co.*,
2007 WL 2310869 (W.D. Pa. Aug. 9, 2007) .......... 5

*Spagnola v. The Chubb Corp.*,
2007 WL 927198 (S.D.N.Y. Mar. 27, 2007) .......... 1

**STATE CASES**

*Morris v. New York State Department of Taxation*,
82 N.Y.2d 135, 603 N.Y.S.2d 807 (1993) .......... 5

**Reply Memorandum of Law In Further Support Of**
**Motion To Dismiss Third-Party Complaints**

Third-Party Defendant Diesel S.p.A. ("SpA") respectfully submits this Reply Memorandum of Law in further support of its motion to dismiss the third-party complaints of Defendants/Counter-Plaintiffs Greystone Business Credit II, L.L.C. ("Greystone") and Global Brand Marketing Inc. ("GBMI"), dated January 9, 2008 (the "Third-Party Complaints").[1]

This action – and GBMI's and Greystone's counterclaims – is about (i) Diesel branded shoes that were distributed by GBMI pursuant to written contracts with Props and Kid; (ii) Greystone's credit arrangements with GBMI; (iii) GBMI and Greystone's failure to pay Props and Kids, despite their agreement to make such payments; (iv) GBMI's and Greystone's conversion of Diesel branded shoes in which Diesel Props and Kid have superior possesory rights; and (v) counterclaims which, at best, allege breaches of contract by Kid and Props, and torts by Props.

Despite the foregoing, Greystone and GBMI have asserted several causes of action against SpA that are without merit, and have failed to properly plead that SpA has engaged in any actionable conduct.[2] Instead, Greystone and GBMI simply lump SpA, Props and Kid together with respect to all allegations and conclusorily allege that SpA "supervised and directed the actions" of Props and Kid.[3] This is insufficient to hold SpA liable for the actions of Props

---

[1] SpA hereby incorporates by reference Diesel Props S.r.l.'s ("Props) and Diesel Kid S.r.l.'s ("Kid") Reply Memoranda of Law in Support of their Motions to Dismiss Greystone's and GBMI's counterclaims.

[2] SpA does not do business in the United States, and, at the very least, there are serious issues going to this Court's personal jurisdiction over SpA.

[3] As required on this Motion, the facts material to the Motion accept the well-pleaded allegations in the Answer as true and are based on those alleged facts and the documents referred to in the Answer. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Roth v. Jennings*, 489 F.3d 499, 503 (2d Cir. 2007); *Kuhne v. Midland Credit Mgmt., Inc.*, 2007 WL 2274873, at *1 (S.D.N.Y. Aug. 7, 2007); *Matusowsky v. Merrill Lynch*, 186 F. Supp.2d 397, 400 (S.D.N.Y. 2002). However, the court must not accept allegations as true when they are **directly contradicted** by documentary evidence referenced in the complaint. *See Spagnola v. The Chubb Corp.*, 2007 WL 927198, at *2 (S.D.N.Y. Mar. 27, 2007) (Baer, J.); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87,

and Kid.

It is abundantly clear that SpA was not a party to any of the agreements under which Greystone and GBMI allege its claims, except the so-called Non-Interference Agreements.[4] In addition, Greystone and GBMI have not alleged that SpA participated in any actionable conduct. Finally, all of the claims asserted in the Third Party Complaints are subject to mandatory forum selection clauses designating Italy as the required forum. Therefore, the Third Party Complaints must be dismissed in their entirety.[5]

## I. **The Third Party Complaints Fail To State A Claim Against SpA**

Under the new standards articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), a pleading challenged by a motion to dismiss under Rule 12(b)(6) must set forth sufficient facts to make each alleged claim plausible on its face. *Twombly*, 127 S. Ct. at 1965; *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) ("a complaint must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion"); *In re Scottish Re Group Secs. Litig.*, 2007 WL 3256660, at *6 (S.D.N.Y. Nov. 2, 2007) (complaint must meet standard of plausibility); *Apace Commc'ns, Ltd. v. Burke*, 2007 WL 4125232, at *9-10 (W.D.N.Y. Nov. 16, 2007) ("it is not enough for a plaintiff simply to allege, in broad, conclusory terms, some claim to relief").

---

98 (2d Cir. 2007).

[4] The facts related to SpA's Motion to Dismiss have been previously set forth and are referenced for the Court's convenience in the accompanying Declaration of Ira S. Sacks, dated March 25, 2008, and will not be repeated herein.

[5] GBMI has not submitted an opposition to SpA's Motion to Dismiss, but instead, has joined Greystone's opposition. As discussed in further detail in Props' and Kid's Reply Memorandum in Support of Motion to Dismiss GBMI's Counterclaims, this is improper and insufficient.

Greystone argues that *Twombly* did not change the pleading requirements under the Federal Rules of Civil Procedure. That is absurd. The *Twombly* Court specifically criticized the existing 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41 (1957). The Court expressly rejected the oft-quoted portion of *Conley v. Gibson* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957).

As the Court in *Twombly* observed:

> The "no set of facts" language has been questioned, criticized, and explained away long enough by courts and commentators, and is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.

*See Twombly*, 127 S.Ct. 1955, 1959-60. Instead, the Supreme Court clarified that a pleading must meet a new plausibility standard. *See id*. The Court required that a claimant identify "enough facts to state a claim to relief that is plausible on its face" and push the claim over the line from conceivable to plausible. *See id.* The Court made it clear by this language that there is now a requirement for a claimant to allege more than was previously required under the pre-*Twombly* regime.

Greystone cites to several cases that it contends establish that the decision in *Twombly* did not change the pleading requirements. Its reliance on these cases is misplaced. To be sure, the Court in *Erickson v. Pardus*, 127 S.Ct. 2197 (2007) cited Rule 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* 127 S.Ct. at 2200. But that reference is fully consistent with the requirements in *Twombly* – that such a "short and plain statement" must also identify "enough facts to state a claim to relief that is

plausible on this face" and push the claim over the line from conceivable to plausible. Indeed, in *Erickson* the plaintiff gave a detailed account of his allegations against specific parties, as required under *Twombly*, and drafted his complaint without the aid of counsel. *See Erickson*, 127 S.Ct. at 2200 (noting that "[a] document filed *pro se* is to be liberally construed") (internal quotations and citations omitted).

Greystone's reliance on *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) is similarly misplaced. Indeed, *Iqbal* actually supports SpA's position, because the Second Circuit in *Iqbal* emphasized that, after *Twombly*, the Supreme Court requires a pleading "to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal*, 490 F.3d at 157-58. The present action is precisely the case where amplification of claims is needed to make the claims against SpA plausible.[6] Greystone and GBMI have failed miserably to meet the required standard of plausibility based on specific factual pleading with respect to their claims against SpA.

The Third-Party Complaints allege no actionable conduct by SpA. Rather, SpA is simply alleged to be the parent entity of Props and Kid, baldly and conclusorily alleged to have supervised and directed the actions of Props and Kid and thereafter**,** by force of definition, Greystone and GBMI lump together Props, Kid, and SpA, labeling them all as the "Diesel Entities." Greystone and GBMI cannot simply rely on defining Props, Kid and SpA as one entity to avoid their pleading obligations. As required by *Twombly*, Greystone and GBMI had to amplify their claims against SpA to push them over the line from conceivable to plausible. They failed to do so.

[6] Defendants cite to several other cases to support their position that *Twombly* did not change the pleading requirements under Rule 8. However, those cases all pre-date *Twombly* and, as a result, are irrelevant for the purposes of this discussion. Moreover, for the same reason as discussed with respect to *Erickson*, SpA's reading of *Twombly* is fully consistent with Rule 8.

## II. **The Third Party Complaints Fail To Allege Veil Piercing**

The Third-Party Complaints allege no actionable conduct by SpA. Therefore, the only way that Greystone and GBMI can hold SpA liable for the allegations in the Third-Party Complaints is if they allege facts sufficient to pierce the corporate veil between SpA, Props and Kid. They have failed to do so.

A party seeking to pierce the corporate veil must generally show that: "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." *Morris v. New York State Dep't of Taxation*, 82 N.Y.2d 135, 141, 603 N.Y.S.2d 807, 810-11 (1993); *Babitt v. Vebeliunas*, 332 F.3d 85, 91-92 (2d Cir. 2003); *In re Adler, Coleman Clearing Corp.*, 469 F. Supp. 2d 112, 117-18 (S.D.N.Y. 2007). Here, Greystone and GBMI attempt to pierce the corporate veil by definition, by lumping together Props, Kid, and SpA, and labeling them all as the "Diesel Entities." *See* Third-Party Complaints, ¶ 53. Greystone and GBMI also plead that "SpA supervised and directed the actions of Props & Kid." *See* Third-Party Complaints, ¶ 60. Such allegations are insufficient as a matter of law to pierce the corporate veil and hold SpA liable for the actions of its subsidiary, Props.

"Purely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter-ego liability, even under the liberal notice pleading standard." *In re Currency Conversion Fee Antitrust Litig.*, 265 F. Supp. 2d 385, 426 (S.D.N.Y. 2003); *see, e.g., Shenango Inc. v. Am. Coal Sales Co.*, 2007 WL 2310869, at *4 (W.D. Pa. Aug. 9, 2007) ("averments reciting elements of the veil-piercing test, without any supporting facts, constitute legal conclusions. Even under a notice pleading standard, as interpreted in *Twombly*, such averments cannot support a veil-piercing claim"); *EED Holdings v. Palmer Johnson Acquisition Corp.*, 387 F. Supp. 2d 265, 274

(S.D.N.Y. 2004) ("to avoid dismissal, a party seeking application of the doctrine must come forward with factual allegations as to both elements of the veil-piercing claim").

Thus, the conclusory allegations here that SpA supervised and directed the actions of Props and Kid -- unsupported by any specific factual allegations or any of the other allegations required by controlling case law -- are insufficient to avoid dismissal. *See Apace Commc'ns, Ltd. v. Burke*, 2007 WL 4125232, at *9-10 (W.D.N.Y. Nov. 16, 2007); *Playwell Toy, Inc. v. Bureau Veritas Consumer Prod. Serv., Inc.*, 2007 WL 2892031, at *11 (W.D.N.Y. Sept. 28, 2007).[7] As a result, SpA cannot be held liable for the actions of Props under a theory of veil piercing and the Third Party Complaints must be dismissed.

### III. The Entire Third Party Complaint Must Be Dismissed Because Of The Mandatory Forum Selection Clause

Finally, the mandatory forum selection clauses contained in the Distribution Agreements and Sourcing Agreement require that both Third Party Complaints be dismissed and brought in Italy.[8] Each of the claims asserted by Greystone and GBMI arise out of or are connected to those agreements. As demonstrated above, the only basis for proceeding against SpA is Greystone's and GBMI's specious allegations that SpA "supervised and directed the actions" of Props and Kids.[9] If this allegation is sufficient to make SpA liable for the acts of Props and Kid – which it

[7] Nor are the Diesel Entities agents of one another. Under New York law, "an agency relationship is established where there is evidence of '(1) consent; (2) fiduciary duty; (3) absence of gain or risk to the agent; (4) control by the principal; and (5) power of the agent to alter the legal relations between the principal and third persons and between the principal and himself.'" *Mouawad Nat'l. Co. v. Lazare Kaplan Int'l. Inc.*, 476 F. Supp. 2d 414, 422 (S.D.N.Y. 2007) (quoting *Exxon Corp. v. Central Gulf Lines*, 717 F. Supp. 1029, 1031 (S.D.N.Y. 1989)). Neither GBMI nor Greystone has alleged any of the factors necessary to establish an agency relationship between "the Diesel Entities."

[8] A more extended discussion of the applicability of the mandatory forum selection clauses appears in the Reply Memorandum of Law In Support of the Motion to Dismiss Greystone's Counterclaims, which is incorporated by reference herein.

[9] In its memorandum of law, Greystone, citing to the Bankruptcy Court decision in *Securities Investors Protection Corp. v. Stratton Oakmont, Inc.*, 234 B.R. 293, 323 (Bankr. S.D.N.Y. 1999), contends that a "reverse piercing" cause of action requires a relaxed standard of pleading with respect to corporate domination and control and

is not – then because the agreements to which GBMI, Props and Kid are a party, and as to which Greystone now asserts claims as an alleged assignee, have mandatory forum selection clauses, the Third-Party Complaints must be dismissed and brought in Italy.

**Conclusion**

For all of the foregoing reasons and the reasons set forth in Diesel's moving papers, this Court should grant SpA's motion in its entirety.

Dated: New York, New York
March 25, 2008

DREIER LLP

By: /s/ Ira S. Sacks
Ira S. Sacks
Mark S. Lafayette
499 Park Avenue
New York, New York
Telephone: (212) 328-6100
Facsimile: (212) 328-6101
*Attorneys for Third-Party Defendant Diesel SpA*

`

absurdly argues that its meager allegation that SpA "supervise and directed the actions" of Props and Kid is sufficient to support a "reverse piercing" cause of action. First, there is no legitimate reason why "reverse piercing" should be subject to any lower pleading standard that regular veil piercing. What is more, the trustee in *Stratton Oakmont* alleged far more than Greystone and GBMI here: that (i) the subsidiary and parent shared the same telephone lines, officers, directors and office space, (ii) the parent was a shell corporation whose only business purpose was to own 100% of the subsidiary, (iii) the companies were controlled by the same individual and (iv) other specific allegations that the court found sufficient to establish the requisite degree of dominion and control. *Id.* at 322 – 24. Accordingly, even under the relaxed reverse piercing standard urged by Greystone, GBMI's and Greystone's claims against SpA fail.