UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DIESEL PROPS S.R.L. and
DIESEL KID S.R.L.,

                Plaintiffs/Counter-Defendants,

    -against-

GREYSTONE BUSINESS CREDIT II LLC
and GLOBAL BRAND MARKETING INC.,

                Defendants/Counter-Plaintiffs,

    -against-

DIESEL S.p.A.,

                Third-Party Defendant.
------------------------------------------------------------x

Civil Action No. 07 CV 9580 (HB)

**STIPULATION AND PROTECTIVE ORDER**
**CONCERNING CONFIDENTIALITY OF DISCOVERY MATERIALS**

       IT IS HEREBY STIPULATED AND ORDERED that, to protect the legitimate interests of the parties and other persons (including non-parties) in maintaining the confidentiality of certain sensitive or proprietary information that may be disclosed during the course of this action, the undersigned parties agree and this Court (the "Court") orders as follows:

       1.     Designation of Material as Confidential. Any party to the above-captioned action or other person (including non-party) that provides discovery materials (whether by producing documents, answering interrogatories, responding to requests for admissions, providing testimony at a deposition or through some other discovery device) or serves or files any papers in this action (hereinafter, "Material(s)") may designate such Materials

{00341365.DOC;3}

as "Confidential." Any party to the above-captioned action also may designate as Confidential any Materials produced by any non-party, if the Materials are reasonably believed by the designating party to contain information which is Confidential to the designating party. A designation of Confidential shall constitute a representation by the party or person and its counsel that they, in good faith, believe that the information so designated contains or constitutes trade secrets, confidential research and/or confidential commercial information.

    2. <u>Designation of Material as Highly Confidential</u>. Any party to the above-captioned action or other person (including non-parties) may designate Materials as "Highly Confidential" if such Materials: (a) satisfy the requirements for Confidential treatment set forth in paragraph 1 of this Stipulation and Protective Order; and (b) contain or constitute confidential information, which, if disclosed, could surrender a competitive advantage or foster a competitive disadvantage, such as product formulas or manufacturing processes. Any party to the above-captioned action may designate as Highly Confidential any Materials produced by any non-party in accordance with the requirements of this paragraph 2, if the Materials are reasonably believed to contain information which is Highly Confidential to the designating party. A designation of Highly Confidential shall constitute a representation by the party or person and its counsel that they, in good faith, believe that the information so designated (i) contains or constitutes trade secrets, confidential research and/or confidential commercial information; and (ii) contains or constitutes confidential information, which, if disclosed, could surrender a competitive advantage or foster a competitive disadvantage, such as product formulas or manufacturing processes.

3. <u>Information Not Confidential.</u> Information shall not be designated as either Confidential or Highly Confidential if (a) it is, or becomes, public knowledge, other than through violation of the terms of this Stipulation and Protective Order or other obligation of confidentiality; or (b) it is acquired from a non-party in lawful possession of such information and under no obligation to the owner of the information to keep it confidential, unless the non-party producing the information invokes the protections of this Stipulation and Protective Order.

4. <u>Designation of Documents And Other Material as Confidential or Highly Confidential.</u> Documents, portions of documents, affidavits, answers to interrogatories, responses to requests for admissions and other Materials may be designated as Confidential or Highly Confidential by stamping or otherwise marking the document or portion of the document or the Material as Confidential or Highly Confidential. Each page of Materials containing Confidential or Highly Confidential information shall be separately designated and stamped or otherwise marked. If documents are made available for inspection, documents need not be designated Confidential or Highly Confidential at the time they are made available for inspection, but may be so designated at the time copies are produced. As a result, all documents made available for inspection will be treated by the inspecting party as Highly Confidential until they are produced.

5. <u>Designation of Deposition Testimony as Confidential or Highly Confidential.</u> Any party or person may designate any deposition testimony or any portion thereof (including exhibits) as Confidential or Highly Confidential by advising the reporter and all parties of such fact on the record during the deposition or in writing at any time within ten (10) business days after actual receipt of the deposition transcript by counsel for the designating party or person. To the extent not designated as Highly Confidential on the record during the

deposition, all deposition transcripts shall be deemed designated Confidential for the first five (5) business days following receipt by counsel of such deposition transcripts. The reporter shall also be advised to limit distribution of the transcripts to the parties' counsel and the deponent (or his or her attorney).

6. <u>Subsequent Designation of Materials As Confidential or Highly Confidential</u>. Any Material that is produced without being designated Confidential or Highly Confidential may be so designated, with respect to future disclosure, by the producing party or person or by any other party to the above-captioned case by sending a letter making such designation to each party who has received or produced such material. Disclosure of such material prior to its designation as Confidential or Highly Confidential shall not violate the terms of this Stipulation and Protective Order, <u>provided</u>, however, that where Material is subsequently designated as Confidential or Highly Confidential, the non-designating parties shall use their best efforts (a) to retrieve such Material from persons no longer entitled to disclosure of such Materials (if any) and (b) prevent further disclosures except as authorized in this Stipulation and Protective Order.

7. <u>Use of Confidential and Highly Confidential Material</u>.

(a) Confidential and Highly Confidential Material shall be used by the non-designating party or person only in preparation for and conduct of this action (including, but not limited to, use in briefs, memoranda, amended pleadings, correspondence and other documents relating thereto) and shall not be used in any other action and/or for any other purpose except upon the prior written consent of the designating party or person or upon prior order of the Court. Nothing in this Stipulation and Protective Order shall prevent any party or person from using or disclosing its own Confidential or Highly Confidential Material as it deems appropriate, but such

disclosure to persons not specifically authorized by this Stipulation and Protective Order will waive the Material's Confidential or Highly Confidential status. The foregoing notwithstanding, disclosure of Material designated Highly Confidential to a person to whom Confidential Material may be disclosed will only cause a waiver of such Material's Highly Confidential status. In the event of such disclosure, the designating party must immediately notify the non-designating party of such disclosure and, if applicable, the new confidentiality designation of the Material, but the designating party need not disclose to whom such Material was disclosed.

(b)    The designation of material as Confidential or Highly Confidential shall not prevent a party from taking discovery from any entity or individual identified in such material.

8.    <u>Restrictions on the Disclosure of Material Designated as Confidential</u>. Confidential Material and all information contained therein or derived therefrom shall not be disclosed to, or discussed with, any person except:

(a)    outside counsel of record and in-house counsel to the parties, and their staffs (including legal assistants and other persons employed and supervised by such counsel) reasonably necessary to assist such counsel in the conduct of this action;

(b)    those persons who are either a party, officer, director, employee, partner, member, trustee and/or agent of a party who are reasonably necessary to assist counsel in the conduct of this action;

(c)    independent experts and independent consultants from whom counsel may seek to obtain evidence, advice or expert opinions (including persons employed or supervised by such persons), to the extent deemed reasonably necessary by counsel for the conduct of this action;

(d) any person who is deposed or testifies in this action, or is to be deposed or to testify in this action (for purposes of preparation for such deposition or testimony), and counsel for such person, to the extent deemed reasonably necessary by counsel for the conduct of this action;

(e) the Court and other courts (including court staff and jurors); and

(f) court reporters, deposition transcript reporters and videographers.

Prior to the disclosure of Material which has been designated Confidential to those persons or entities authorized under paragraphs 8(b), (c) and (d) of this Stipulation and Protective Order to receive such Material, any such individual or entity shall be provided with a copy of this Stipulation and Protective Order, which he or she shall read. Upon reading this Stipulation and Protective Order, such person or entity shall sign a certification, in substantially the form annexed hereto as Exhibit A, acknowledging that he or she has read this Stipulation and Protective Order and will abide by its terms (an "Exhibit A Certification"). Copies of signed Exhibit A Certifications shall be retained by counsel for the party obtaining them, with a copy provided to counsel for the party that produced the Confidential Material.

9. <u>Restrictions on the Disclosure of Material Designated as Highly Confidential</u>. Highly Confidential Material and all information contained therein shall not be disclosed to, or discussed with, any person except:

(a) outside counsel of record to the parties, and their staffs (including legal assistants and other persons employed and supervised by such counsel) reasonably necessary to assist such counsel in the conduct of this action;

(b) independent experts and independent consultants from whom counsel may seek to obtain evidence, advice or expert opinions (including persons employed or supervised by

{00341365.DOC;3}                                6

such persons), to the extent deemed reasonably necessary by counsel for the conduct of this action, so long as counsel has first ascertained, and confirmed by a writing signed by such expert and consultant, that such expert and consultant (and persons employed or supervised by such persons) is not (or has not been) employed by or a consultant to any party or competitor of a party;

    (c) any person who is deposed or testifies in this action at the time of such deposition or testimony and counsel for such person, to the extent deemed reasonably necessary by counsel for the conduct of this action, but only where it expressly appears on the face of the Highly Confidential Material that the deponent has, prior to the deposition or testimony, seen the Highly Confidential Material;

    (d) the Court and other courts (including court staff and jurors); and

    (e) court reporters, deposition transcript reporters and videographers;

Prior to the disclosure of Material which has been designated Highly Confidential to those persons or entities authorized under paragraphs 9 (b) and (c) of this Stipulation and Protective Order to receive such Material, any such individual or entity shall be provided with a copy of this Stipulation and Protective Order, which he or she shall read. Upon reading this Stipulation and Protective Order, such person or entity shall sign a certification, in substantially the form annexed hereto as Exhibit A, acknowledging that he or she has read this Stipulation and Protective Order and will abide by its terms (an "Exhibit A Certification"). Copies of signed Exhibit A Certifications shall be retained by counsel for the party obtaining them, with a copy provided to counsel for the party that produced the Highly Confidential Material.

    10. <u>Disclosure of Confidential and/or Highly Confidential Material To Experts, Consultants and Other Persons.</u>

(a) Prior to the disclosure of Material which has been designated Confidential and/or Highly Confidential to independent experts, consultants and other persons authorized under paragraphs 8(c) or (d) and/or 9(b) of this Stipulation and Protective Order to receive such Material, any such individual or entity shall be provided with a copy of this Stipulation and Protective Order, which he or she shall read. Upon reading this Stipulation and Protective Order, such person or entity shall sign an Exhibit A Certification.

(b) At least five (5) business days prior to disclosure of Highly Confidential Material to persons or entities authorized under paragraphs 9(b) of this Stipulation and Protective Order to receive such material, the party proposing to make such disclosure shall deliver to the designating party an Exhibit A Certification signed by the individual to whom disclosure is proposed to be made, together with a copy of that individual's current curriculum vitae, if appropriate. If the designating party or person objects to the proposed disclosure, it shall deliver a written objection to the party proposing to make the disclosure within three (3) business days after receiving the Exhibit A Certification. If a written objection to the proposed disclosure is not made within three (3) business days of receiving an Exhibit A Certification, the disclosure may be made. If a written objection to the proposed disclosure is made by the designating party or person within three (3) business days of receiving an Exhibit A Certification, the party seeking to make the disclosure may seek a Court order permitting the disclosure. The designating party or person shall bear the burden on any such application to the Court of demonstrating that the discovery Materials sought to be disclosed are properly entitled to be treated as Highly Confidential under the terms of this Stipulation and Protective Order and that the proposed disclosure should not be allowed. If a timely objection to disclosure is made under this paragraph, the proposed disclosure shall not be made until such time as the Court authorizes such

disclosure. To the extent that a party or person designates Materials as Highly Confidential after receiving one or more Exhibit A Certifications and the designating party or person objects to providing access to such Materials to one or more persons who signed an Exhibit A Certification, the designating party or person shall make its objection to such disclosure at the time such Materials are so designated. Objections to such disclosure are to be resolved in the same manner as objections made within three (3) business days of receiving an Exhibit A Certification.

11. <u>Protection Of Confidential and Highly Confidential Information.</u> No information designated as Confidential or Highly Confidential may be disclosed to any person or entity other than those expressly identified above, except with the prior written consent of the designating party. In the event that information designated as Confidential or Highly Confidential is disclosed orally (*e.g.*, at a deposition, hearing or trial), the designating party shall have the right to exclude from attendance at said deposition, hearing or trial any person other than the deponent and those persons identified in paragraph 8 above (with respect to information designated as Confidential) or paragraph 9 above (with respect to information designated as Highly Confidential) for that portion of the proceeding in which the disclosure of Confidential or Highly Confidential information is disclosed. A party who discloses Confidential of Highly Confidential information at a deposition, hearing or trial in accordance with this paragraph shall not be responsible for the disclosure of such protected information by persons identified in paragraphs 8(e), 8(f), 9(d) or 9(c), so long as that party has otherwise complied with the requirements for disclosure and use of Confidential of Highly Confidential information set forth in this Agreement.

12. <u>Inadvertent Production.</u> If information subject to a claim of attorney-client privilege, work product or any other privilege is inadvertently produced to a party, such

production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or any other privilege to which the producing party or person would otherwise be entitled. If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made. The party returning such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

13. <u>Resolution of Challenges to Designations</u>. Entering into, agreeing to or otherwise complying with the terms of this Stipulation and Protective Order shall not: (a) operate as an admission by any party that any particular Material which has been designated Confidential or Highly Confidential contains or reflects proprietary or sensitive commercial or personal information or other confidential matter or confidential and/or proprietary information; (b) prejudice in any way the rights of any party to apply to the Court for an order that information designated as Confidential or Highly Confidential need not be treated as Confidential or Highly Confidential; (c) prejudice in any way the rights of any producing party or person to object to any discovery requests that seek information or documents that it considers not properly subject to discovery; (d) prejudice in any way the rights of a party to seek a determination of the Court that particular Materials should be produced; or (e) prejudice in any way the rights of a designating party or person to apply to the Court for a further protective order. No party to this action is obliged to challenge the protected status of any Material at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a non-designating party seeks to challenge the

appropriateness of protected treatment of any Material, such party shall consult in good faith with the designating party or person in an effort to resolve the matter on an informal basis. In the event no agreement is reached with respect to any Materials designated as Confidential, the non-designating party may seek an order removing the Confidential designation from the disputed Material. The non-designating party shall give no less than three (3) business days written notice to the designating party or person identifying before seeking such an order, identifying (with as much specificity as is practicable) the document, testimony or other Material that counsel contends is not entitled to protection. In the event that no agreement is reached with respect to any Materials designated as Highly Confidential, the non-designating party shall provide written notice to the designating party or person identifying (with as much specificity as is practicable) the document, testimony or other Material that counsel contends is not entitled to designation as Highly Confidential. The designating party must then seek an order from the Court establishing the appropriateness of that designation within five (5) business days. If the designating party fails to move the Court for an order establishing the appropriateness of a Highly Confidential designation, such Materials will thereafter be designated Confidential. The designating party or person shall bear the burden on any such application to the Court of demonstrating that the Materials are properly designated as Confidential or Highly Confidential (as the case may be) and are entitled to such protection. Any document, testimony or other Material as to which such a motion is made shall continue to be treated as Confidential or Highly Confidential until the Court rules or the motion is otherwise resolved.

    14. <u>Filing of Confidential or Highly Confidential Material Under Seal</u>. In the event any Material designated Confidential or Highly Confidential is included in, attached to, referred to, or is an exhibit to any brief, memorandum, affidavit, document or transcript which is

filed with either the Court or the Clerk during the course of proceedings arising out of this action, the party using such Material shall file the same or submit it to the Court in a sealed envelope bearing the following legend:

"CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER. NOT TO BE OPENED EXCEPT BY ORDER OF THE COURT."

Notwithstanding the foregoing, a second copy of any filing intended for review by the Court may be delivered to the Court's chambers provided that the cover page of the filing be marked with the caption of the case and the notation:

"CONTAINS CONFIDENTIAL INFORMATION"

Where a party wishes to include in a filing a writing containing information that has been designated Confidential or Highly Confidential, but the confidential information contained in such writing is not relevant to the purpose for which the filing is being made, the party including such writing in a filing may, in lieu of the procedures set forth above, file a redacted copy of the writing. In such event, the redaction must be indicated by placing the designation "CONFIDENTIAL INFORMATION REDACTED" in the place(s) on the writing where the confidential information would have appeared.

    15.    <u>Copying</u>. (a) Written materials containing information designated as Confidential or Highly Confidential may only be copied by the following:

    i.    Counsel for the receiving party;

    ii.    persons employed by such counsel and under such counsel's supervision and control; or

    iii.    an outside copying service engaged by counsel, with the copies made delivered directly to counsel.

    (b) The number of copies that may be made of Materials containing information

designated as Confidential or Highly Confidential shall be limited to those reasonably necessary for use by counsel and persons authorized to receive copies hereunder. Only one (1) copy (electronic or otherwise) of Materials designated Confidential may be provided to each person referenced in paragraph 8(b) (*i.e.*, a designated party or employee of a party), who shall be permitted to make or permit to be made five (5) additional copies, but only to be distributed to persons otherwise qualified under paragraph 8(b) who shall be shown a copy of this Order and sign the certification attached hereto as Exhibit A prior to receiving such copies. Those persons shall not be permitted to make any further copies, except as expressly provided below. In the event any person referred to in paragraph 8(b) who receives Materials designated Confidential reasonably requires to make copies in addition to those permitted above, such person shall make a written request to his/her counsel specifying the number of additional copies which he/she wishes to make and the reason therefor. If counsel reasonably believes such additional copies are reasonably necessary, counsel may approve such request in writing. Such additional copies may only be distributed to persons otherwise qualified under paragraph 8(b) who shall be shown a copy of this Order and sign the certification attached hereto as Exhibit A prior to receiving such copies. Such persons shall not be permitted to make any further copies, except as expressly provided above.

      16.     Receipt of Subpoena. If any party in possession of Material designated Confidential or Highly Confidential under this Stipulation and Protective Order receives a subpoena seeking production or other disclosure of such Confidential or Highly Confidential Material, that party shall give prompt written notice to counsel for the party or person who designated the Materials Confidential or Highly Confidential, and shall enclose a copy of the

subpoena. Where possible, at least ten (10) business days notice before production or other disclosure should be given.

17. <u>Return of Confidential or Highly Confidential Material Upon Termination of This Action</u>. Within 30 days after the final conclusion of this action (including any appeals) and unless the Court orders otherwise, the parties' counsel shall collect all Confidential and Highly Confidential Materials, which shall be treated, respectively, as follows: (a) all documents filed in this matter under seal shall remain under seal; (b) the parties' counsel may retain their copies of court filings containing or referencing Confidential or Highly Confidential Information, subject to the terms of this Protective Order; (c) all documents marked as Confidential or Highly Confidential shall be returned to counsel for the party who produced it (exclusive of any documents marked as Confidential that are in electronic form ("Electronically Stored Information")); and (d) all other Confidential Information (exclusive of any Electronically Stored Information) shall be collected by the parties' counsel and destroyed, with written notice of destruction provided to opposing counsel. With respect to Electronically Stored Information the parties' counsel shall make reasonable efforts to remove such Electronically Stored Information from counsels' active systems, specifically, active email servers, active document management systems, and active litigation support databases. The parties' counsel will not be required, however, to remove such Electronically Stored Information from any back up or disaster recover systems, or from any other source which is not reasonably accessible because of undue burden or cost.

18. <u>Further Protection or Relief From this Order</u>. Nothing contained in this Order shall be deemed to preclude any party at any time (a) from seeking and obtaining from the opposing party or the Court, on appropriate showing, a further protective order relating to (i)

{00341365.DOC;3}                                14

material designated Confidential or Highly Confidential, (ii) material which may not fall within the definitions of Confidential or Highly Confidential material, (iii) any discovery in this case; or (b) from applying to the Court for any relief from any provision of this Order, on good cause shown. Nothing in this Order shall be construed as preventing any party from making application to the Court for revision or modification of the terms of this Order.

        19.    Court Approval. The parties agree forthwith to submit this Stipulation and Protective Order to the Court for approval, and further agree that, pending approval by the Court, this Stipulation and Protective Order shall be effective as if approved and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Protective Order had been entered by the Court.

Dated: April 1, 2008

By: _____
DREIER LLP
Ira S. Sacks
Mark S. Lafayette
499 Park Avenue
New York, New York 10022

*Attorneys for Plaintiffs Diesel Props S.R.L. and Diesel Kid S.R.L. and Third-Party Defendant Diesel S.p.A.*

Dated: April 1, 2008

By: _____
MOSES & SINGER LLP
Mark N. Parry, Esq.
The Chrysler Building
405 Lexington Avenue
New York, New York 10174-1299

*Attorneys for Defendant Greystone Business Credit II, LLC*

{00341365.DOC;3}        15

Dated: April 1, 2008                By: _____
                                    LEADER & BERKON LLP
                                    Glen Silverstein
                                    630 Third Avenue
                                    New York, New York 10017

                                    *Attorneys for Defendant
                                    Global Brand Marketing, Inc.*

IT IS SO ORDERED:

DATED: April 2, 2008

_____
Hon. Harold Baer, Jr.
United States District Judge

Sealed documents may be unsealed, upon notice to the parties, pursuant to further order of the Court.

SO ORDERED

_____
Hon. Harold Baer, Jr., U.S.D.J.
Date: 4/2/08

{00341365.DOC;3}                    16