Ira S. Sacks
Mark S. Lafayette
DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DIESEL PROPS S.R.L. and
DIESEL KID S.R.L.,

                              Plaintiffs/Counter-Defendants,

            -against-

GREYSTONE BUSINESS CREDIT II LLC
and GLOBAL BRAND MARKETING INC.,

                            Defendants/Counter-Plaintiffs,

            -against-

DIESEL S.p.A.,

                            Third-Party Defendant.
------------------------------------------------------------x

Civil Action No.
07 CV 9580 (HB)

**DECLARATION OF
IRA S. SACKS**

      IRA S. SACKS, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

      1.      I am a partner in Dreier LLP, attorneys for plaintiffs Diesel Props S.r.l. ("Props"), Diesel Kid S.r.l. ("Kid") and third-party defendant Diesel S.p.A. ("SpA") in the above captioned action. I submit this declaration in support of (i) the renewed motion of Props and Kid to dismiss the counterclaims of Defendants Greystone Business Credit II, L.L.C. ("Greystone") and Global Brand Marketing, Inc. ("GBMI"), (ii) the renewed motion of SpA to dismiss the third-party claims asserted against it by Greystone and GBMI, and (iii) the motions of Props, Kid and SpA

(collectively, the "Diesel Parties") to strike the new and unauthorized allegations in the Answer to Third Amended Complaint, Counterclaims and Third-Party Complaints, dated July 2, 2008, and filed by each of Greystone and GBMI (the "Answers"). This declaration is made on personal knowledge.

2. As set forth more fully below, plaintiffs Props and Kid served a Third Amended Complaint within the deadline established by this Court for new pleadings, and filed the Third Amended Complaint with this Court's permission. That Third Amended Complaint added new causes claims for fraud and promissory estoppel against defendant GBMI. In their Answers, defendants Greystone and GBMI have reasserted their defective counterclaims and third-party claims, which are already subject to pending motions to dismiss brought by the Diesel Parties.

3. However, Greystone and GBMI – after the deadline for amended pleadings, without seeking leave of this Court, and in a clear effort to circumvent this Court's rules concerning amended pleadings in response to motions to dismiss – have amended certain allegations in their answers which respond to the long existing allegations in support of the claims of Props and Kid which were unaffected by Props and Kid's Third Amended Complaint, and have amended and added certain allegations in support of their counterclaims in an improper and ineffective attempt to cure pleading deficiencies.

**Procedural History Of The Diesel Entities' Motions To Dismiss**

4. On October 26, 2007, Props and Kid commenced this action against GBMI and Greystone by filing the initial complaint herein. On or about December 3, 2007, defendant Greystone answered the complaint and asserted counterclaims against Props and Kid and asserted third-party claims against SpA.

5. On or about December 3, 2007, the attorneys for Props, Kid and Greystone appeared for the initial conference in this case at which Props and Kid requested permission to file an filed an Amended Complaint. All parties then appearing and the Court consented to the filing of the Amended Complaint and the Amended Complaint was filed on December 4, 2007.

6. At the December 3, 2007 conference, this Court entered a scheduling order establishing June 1, 2008 as the date after which "no additional causes of action or defenses may be asserted." June 1, 2008 was a Sunday, making the operative date June 2, 2008 under Rule 6(a) of the Federal Rules of Civil Procedure.

7. On January 9, 2008, Greystone and GBMI filed answers to the Amended Complaint, and asserted counterclaims and third-party complaints.

8. On January 22, 2008, Props and Kid filed a motion to dismiss the counterclaims of GBMI and Greystone and SpA filed a motion to dismiss the third-party claims asserted against it by GBMI and Greystone. In support of such motions, the Diesel Parties filed with this Court the Declarations of Ira S. Sacks and Carlo Pascotto dated January 22, 2008, the Declaration of Ira S. Sacks dated March 25, 2008, the Correction Declaration of Ira S. Sacks dated March 26, 2008, briefs and reply briefs in support of their motions, which briefs and declarations incorporated by reference other documents and declarations, all of which are incorporated by reference herein.

9. On March 5, 2008, with this Court's consent, Props and Kid filed a Second Amended Complaint to assert causes of action for fraud and breach of oral agreement against Greystone. A copy of the Second Amended Complaint is annexed hereto as Exhibit A. On March 25, 2008, defendants GBMI and Greystone answered the Second Amended Complaint. Other than their responses to the new allegations asserted by Props and Kid in the Second

Amended Complaint, GBMI and Greystone served identical answers, counterclaims and Third-Party Complaints as those which were asserted in response to the First Amended Complaint. A copy of GBMI's and Greystone's Answers to the Second Amended Complaint, Counterclaims and Third-Party Complaints are annexed hereto as Exhibits B and C, respectively.

10. Because at the time of the filing of defendants Greystone's and GBMI's Answers to the Second Amended Complaint, Counterclaims and Third-Party Complaints, Props, Kid and SpA's motions to dismiss were *sub judice,* the parties entered into a Stipulation in which the parties agreed that the pending motions to dismiss and all papers in support and opposition thereto, would be deemed renewed and resubmitted as to Defendants' Answers to the Second Amended Complaint, Counterclaims and Third-Party Complaints. The Court "So Ordered" this Stipulation on April 9, 2008. A copy of this Stipulation/Order is annexed hereto as Exhibit D.

**The Present Pleadings and Defendants' Improper Amendments**

11. Kids and Props timely served a Third Amended Complaint on June 2, 2008. On June 9, 2008, this Court granted Kid and Props permission to file the Third Amended Complaint (the "Third Amended Complaint", attached hereto as Exhibit E). The Third Amended Complaint added claims for fraud and promissory estoppel against GBMI, and allegations in support thereof, and removed the claims of fraud and breach of oral agreement against Greystone, and allegations in support thereof, which were first asserted against Greystone in the Second Amended Complaint.

12. On July 2, 2008, Greystone and GBMI filed their respective Answers to Third Amended Complaint, Counterclaims and Third-Party Complaint. Copies of the Greystone and GBMI Answers are annexed hereto as Exhibits F and G, respectively. The Answers are nearly identical to one another in all respects.

13. However, the Answers contain unauthorized amendments to the Answer, Counterclaims and Third-Party Complaint filed by each of Greystone and GBMI in response to the Second Amended Complaint. A comparison of Greystone's Answer to Second Amended Complaint, Counterclaims and Third-Party Complaint and Greystone's Answer to Third Amended Complaint, Counterclaims and Third-Party Complaint is attached hereto as Exhibit H. A comparison of GBMI's Answer to Second Amended Complaint, Counterclaims and Third-Party Complaint and GBMI's Answer to Third Amended Complaint, Counterclaims and Third-Party Complaint, is attached hereto as Exhibit I.

14. More specifically, paragraphs 55, 82, 85, 86, 88, 99, 101, 113, 116, 119, 122, 123, 124, 126, 130, 132, 155, 162 and 209 of the Greystone Answer, and paragraphs 17 (omits admission of first sentence of answer to Second Amended Complaint), 55 (adds second sentence), 83, 87, 123, 124, 125, 127 and 163 of the GBMI Answer consist, entirely or in part, of (i) amended answers to long existing and unchanged allegations in Props' and Kids' complaints, or (ii) new and additional factual allegations related to Greystone's and GBMI's counterclaims and third-party complaints that were not present in Greystone's and GBMI's Answers to Second Amended Complaint, Counterclaim and Third-Party Complaint. Indeed, paragraphs 86 and 122 of Greystone's Answer and paragraphs 87 and 123 of GBMI's Answers are entirely new to the Answers.

15. Many of the new factual allegations contained in the Answers relate to the relationship and/or control SpA allegedly exercised over Props and Kid. Thus, the new allegations seek to establish SpA as an alter ego of Kid and Props. The new factual allegations are not in any way related to the new allegations in the Third Amended Complaint, which, as noted above, pertain only to Props' and Kid's new claims against GBMI.

16. As a result, it is apparent that the new factual allegations embodied in the Answers most recently filed by Greystone and GBMI are in response to the Diesel Parties' motion to dismiss the counterclaims and third-party claims of Greystone and GBMI against SpA, which was filed and fully briefed in January, February and March of 2008 and is currently *sub judice*.

17. Alteration of the allegations in the Answers in this manner is improper under Federal Rules of Civil Procedure and the Individual Practices Of Judge Harold Baer, Jr., revised 2/7/07 (the "Individual Practices").

18. Rule 4(A)(i) of the Individual Practices states that upon the filing of a motion to dismiss by one party, "[t]he non-moving party must, within 10 days of receipt of the motion, notify the Court and [its] adversary in writing whether: 1) [it] intend[s] to file an amended pleading; or 2) [it] will rely on the pleading being attacked. If the non-moving party elects not to amend its complaint, no further opportunities to amend will be granted." (emphasis added).

19. The Diesel Parties motions to dismiss – which are renewed at this time with respect to the Greystone and GBMI's most current Answers, Counterclaims and Third-party Complaints – were originally made on January 22, 2008. Accordingly, pursuant to Rule 4(A)(i), if Greystone and GBMI intended to alter the allegations in their responses to the Second Amended Complaint in response to the Diesel Parties' motions to dismiss, they would have had to do so on or prior to February 1, 2008.

20. In addition, the scheduling order in this matter sets June 30, 2008 as the deadline for asserting "additional causes of action or defenses" in this action (emphasis added). A copy of the Scheduling Order in this case is annexed hereto as Exhibit J. It is clear that the factual allegations added by Greystone and GBMI in their Counterclaims with respect to the Third

Amended Complaint constitute purported additional defenses concerning SpA's motion to dismiss the third-party claims of Greystone and GBMI against it. Greystone and GBMI should not be able to bolster their claims against SpA at this late date.

21. Furthermore, Rule 16 of the Federal Rules of Civil Procedure requires that parties abide by the scheduling order entered by the Court, specifically noting that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16 also provides that a party may be subject to sanctions for failure to abide by the scheduling order. Fed. R. Civ. P. 16(f)(1)(C).

22. Finally, Rule 15(a) of the Federal Rules of Civil Procedure specifically delineates the circumstances under which a party may amend a pleading. As Greystone and GBMI do not seek to amend their pleadings under any of the circumstances specified in Rule 15(a)(1)(A) or (B), it is clear that they would have required the Court's permission to do so pursuant to Rule 15(a)(2). No attempt to obtain the leave of the Court to amend the Greystone and GBMI answers, counterclaims and/or third-party complaint allegations was made.

23. Accordingly, the Diesel Parties respectfully request that this Court grant their motion to strike the unauthorized portions of the Answers and grant Props', Kid's and SpA's motions to dismiss in their entirety.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 15, 2008
      New York, New York

                                    s/ Ira S. Sacks
                                    Ira S. Sacks