UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DIESEL PROPS S.R.L. and
DIESEL KID S.R.L.,

Plaintiffs/Counter-Defendants,

-against-

Civil Action No. 07 CV 9580 (HB)

GREYSTONE BUSINESS CREDIT II LLC
and GLOBAL BRAND MARKETING INC.,

Defendants/Counter-Plaintiffs,

-against-

DIESEL S.P.A.,

Third-Party Defendant.
-------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' AND THIRD-PARTY DEFENDANT'S RENEWED MOTION TO DISMISS COUNTERCLAIMS AND THIRD-PARTY CLAIMS OF GREYSTONE BUSINESS CREDIT II, LLC AND GLOBAL BRAND MARKETING INC. AND TO STRIKE UNAUTHORIZED AMENDMENTS TO PLEADINGS**

Ira S. Sacks
Mark S. Lafayette
DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100
(212) 328-6101 (fax)
*Counsel for Plaintiffs and Third Party Defendant*

# TABLE OF CONTENTS

**REPLY MEMORANDUM OF LAW** ........ 1

**I. The Renewed Motions Are Not Moot and Are Unaffected by the Unauthorized Amendments by Defendants.** ........ 3

**II. The Opposition Ignores And Distorts This Court's Individual Practice Rules And The Federal Rules Of Civil Procedure And The Unauthorized Amendments Should Be Stricken** ........ 5

**III. Greystone's and GBMI's Unauthorized Amendments Do Not Cure Their Failure To Properly Plead Elements Necessary To Pierce The Corporate Veil** ........ 8

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' AND THIRD-PARTY DEFENDANT'S RENEWED MOTION TO DISMISS COUNTERCLAIMS AND THIRD-PARTY CLAIMS OF GREYSTONE BUSINESS CREDIT II, LLC AND GLOBAL BRAND MARKETING INC. AND TO STRIKE UNAUTHORIZED AMENDMENTS TO PLEADINGS**

Plaintiffs Diesel Props S.r.l. ("Props") and Diesel Kid S.r.l. ("Kid") (collectively, "Plaintiffs") and Third Party Defendant Diesel SpA ("SpA") (collectively "Diesel") respectfully submit this Reply Memorandum of Law in further support of their renewed motions (the "Renewed Motions") (i) to dismiss the counterclaims and third-party complaints asserted by Defendant Greystone Business Credit II, L.L.C. ("Greystone") and Global Brand Marketing Inc. ("GBMI") (the "Motions to Dismiss") and (ii) to strike new and unauthorized portions of Greystone's and GBMI's answers, counterclaims and third-party complaints (the "Motions to Strike").

Greystone's and GBMI's[1] opposition (the "Opposition") to the Renewed Motions is to Dismiss and Strike is misplaced for three fundamental reasons. First, the Opposition wrongly asserts that the Renewed Motions are moot. That is absurd. The Renewed Motions are expressly addressed to GBMI and Greystone's "**most current** Answers, Counterclaims and Third-Party Complaints." Moreover, the Renewed Motions are well founded without regard to whether the separate relief requested by Diesel – to strike the unauthorized amendments made by GBMI and Greystone to their new answers, counterclaims and third-party claims – is granted. Indeed, most of the grounds supporting the Motions to Dismiss have nothing whatsoever to do with the improper amendments by GBMI and Greystone.

[1] As has been GBMI's practice, GBMI has not separately submitted to this Court any papers in opposition to the Renewed Motions, but rather a statement that it joins in the opposition submitted by Greystone. As set forth in Plaintiff's and SpA's reply memorandum of law in support of it pending motions to dismiss, this is inappropriate as separate grounds to dismiss have been asserted against both GBMI and Greystone.

Thus, the Renewed Motions rely on **all** grounds previously asserted with respect to GBMI and Greystone's previous pleadings, including: (a) that applicable forum selection clauses mandate that such counterclaims and third-party complaints be brought in Milan, Italy and b) that such counterclaims fail to state a causes of action because of a variety of pleading defects, **none of which have been addressed by Greystone's and GBMI's unauthorized amendments to their pleadings**. By Greystone and GBMI's own admissions, the "modest" and "limited" amendments to their pleading solely supplement Greystone's and GBMI's pleading in its attempt to pierce the corporate veils of the various Diesel entities. *See* Greystone's Opposition To Plaintiffs' and Third Party Defendants' Motions To Dismiss dated August 1, 2008 ("Greystone's Opposition") at pages 7-9.

Second, the Opposition does not rebut the arguments in support of the Motions to Strike. Greystone and GBMI ignore and distort the plain meaning and import of Rule 4(A)(i) of the Individual Practices of Judge Harold Baer, Jr., revised 2/7/07 (the "Individual Practices"). The unauthorized amendments to GBMI's and Greystone's answers, counterclaims and third-party complaints are **not** in response to the new allegations asserted in Props' and Kid's Third Amended Complaint. Rather, the unauthorized amendments by Greystone and GBMI are (i) to longstanding allegations of Plaintiffs, which are unaffected by the Third Amended Complaint, and (ii) to long-asserted counterclaims and third-party claims. These unauthorized amendments are an improper attempt to cure pleading defects raised by Plaintiffs and SpA in connection with the Motions To Dismiss, which have now been *sub judice* for several months. This Court's Individual Practices specifically provide that if a party wishes to submit an amended pleading in response to a motion to dismiss, it must notify the Court and its adversary **within 10 days of its receipt of the motion**. GBMI and Greystone did not do this and are now attempting an end run

around this Court's rules merely because Plaintiffs received Court permission to amend their complaint in areas unrelated to the unauthorized amendments.

Finally, the unauthorized amendments do not even cure the pleading deficiencies with respect to the assertion of veil piercing that GBMI and Greystone attempted to fix.

As a result, the Motions to Dismiss and Motions to Strike should be granted.

## I. The Renewed Motions Are Not Moot and Are Unaffected by the Unauthorized Amendments by Defendants.

The Renewed Motions are not moot and are not addressed to GBMI's and Greystone's prior counterclaims and thirds-party claims. On the contrary, the Notice of Motion plainly states that Diesel is renewing its prior motion to dismiss the "Counterclaims and Third Party Complaints" of Greystone and GBMI, which at the time were those dated July 2, 2008. Similarly, the Declaration of Ira S. Sacks, dated July 15, 2008 and submitted in support of the Motions To Dismiss And Strike, expressly states in paragraph 19 that Diesel's motions to dismiss are "renewed at this time with respect to GBMI and Greystone's **most current** Answers, Counterclaims and Third-Party Complaints" (emphasis added). In addition, contrary to Greystone's assertion (*see* Greystone Opposition at p. 6), nowhere in Diesel's submissions in support of its Motions to Dismiss does Diesel seek to apply the Renewed Motions ***"only after"*** striking the unauthorized amendments made by Greystone and GBMI to its most recent pleadings. Accordingly, Greystone's and GBMI's assertion that the Motion to Dismiss should be denied as moot is frivolous.

Similarly frivolous is Greystone and GBMI's assertion that their amendments to their pleadings – which by their own admission are "modest" and "limited" – somehow cure the numerous deficiencies that existed with respect to Greystone and GBMI's earlier pleadings. *See*

Greystone Opposition at p. 7. By Greystone's and GBMI's own admission, the unauthorized amendments merely (allegedly) provide additional detail in support of Greystone's and GBMI's attempt to pierce the corporate veil between SpA, Props and Kid. *Id.* at 8-9. That does not avoid the force of the Motions to Dismiss.

Diesel has renewed **the entirety** of its prior motions to dismiss and such motions seek to dismiss Greystone's and GBMI's counterclaims and third-party complaints on numerous grounds unrelated to Greystone's and GBMI's failure to properly plead piercing the corporate veil, including that

- applicable forum selection clauses mandate that such counterclaims and third-party complaints be brought in Milan, Italy
- the counterclaims fail to state a causes of action because
  - Greystone lacks standing to assert causes of action which belong to GBMI;
  - the unjust enrichment claims are barred by express contracts which are alleged to govern the alleged relationships at issue;
  - the alleged oral agreement is barred by a no oral modification clause in a written agreement and lacks consideration;
  - the fraud claims fails to allege fraud with particularity, fails to assert any allegations which constitute misrepresentations of present or pre-existing facts and are merely dressed up breach of contract claims;
  - the pleadings fail to allege any action taken by Kid that would serve as a factual predicate for which it can be held liable for any tort claim asserted against Kid;
  - any claims asserted by GBMI, or by Greystone as an assignee of GBMI, are limited by contract to an amount which offsets any claims asserted by Kid and Props; and
  - GBMI, and Greystone to the extent it is an assignee of claims from GBMI, have waived lost profits and indirect, special, incidental, consequential or similar, damages.

**None of the foregoing bases for the Motions to Dismiss have anything to do with – or are impacted by – the unauthorized amendments by GBMI and Greystone**.

Accordingly, even taking into consideration the unauthorized amendments made by Greystone and GBMI, the Motions to Dismiss should be granted in their entirety.

## II. The Opposition Ignores And Distorts This Court's Individual Practice Rules And The Federal Rules Of Civil Procedure And The Unauthorized Amendments Should Be Stricken

The Opposition in no way rebuts the arguments made by Plaintiffs and SpA in support of their Motions to Strike. Rather, Greystone and GBMI simply ignore and distort the plain meaning and import of Individual Practices Rule 4(A)(i).

Rule 4(a)(i) provides that, upon the filing of a motion to dismiss by one party, "[t]he non-moving party **must**, **within 10 days of receipt of the motion**, notify the Court and [its] adversary in writing whether: 1) [it] intend[s] to file an amended pleading; or 2) [it] will rely on the pleading being attacked. **If the non-moving party elects not to amend its complaint, no further opportunities to amend will be granted**." (emphasis added). The rationale and import of this rule is that, absent leave of Court – which was not sought or obtained by GBMI and Greystone here – the Court and the parties must be able to rely upon a party's pleading and theory of the case to allow *sub judice* motions to dismiss to be decided and resolved. The rule is similarly intended to prohibit a party from making dilatory amendments to its pleading to attempt, after the fact, to cure pleading deficiencies challenged by a motion to dismiss.

The Opposition baldly asserts that, because Plaintiffs sought and obtained leave to amend that somehow this vitiates the applicability of Rule 4(A)(i). That is not the case. The Third Amended Complaint did **not** change Plaintiffs' existing claims or theory of the case, but rather dropped certain claims and added additional claims. In response, Greystone and GBMI did not

merely address the new claims. Rather, Greystone and GBMI amended its answers to allegations **unchanged** in the Third Amended Complaint and amended its counterclaims, all in an effort to buttress its deficient allegations of piercing the corporate veil between SpA, Props and Kid challenged by the pending motions to dismiss. That is precisely what Rule 4(A)(i) is designed to prevent: "no further opportunities to amend will be granted."

Greystone has submitted nothing to this Court which addresses the clear continuing applicability of this Court's Individual Practice Rules and the Court's Scheduling Order to the situation at bar.

In addition, while Greystone cites to cases which suggest that in the face of an amended complaint, courts have allowed the assertion of new affirmative defenses and new counterclaims, that is not what Greystone and GBMI did here which Diesel seeks to strike. They did not add new counterclaims and Diesel does not seek to strike the new affirmative defenses added. Rather, the Motions to Strike address the fact that Defendants have simply asserted unauthorized amendments to such counterclaims and third-party claims and amendments to their answers to longstanding allegations by Diesel both in violation of Individual Practices Rule 4(A)(i) and this Court's Scheduling Order. *See* Sacks Dec., Ex J. None of the cases suggest that a responding party is permitted, without leave of Court, to amend pre-existing counterclaims or answers to pre-existing allegations in response to a pleading which does not amend existing claims, but merely adds additional claims.[2] In addition, there is no indication in any of the cases cited by Greystone that any amendment made by a party violated a Scheduling Order or a Court Rule.

---

[2] In *Massey v. Helman*, 196 F.3d 727 (7th Cir. 2000), cited by Greystone, the Seventh Circuit affirmed the lower court's decision to allow a defendant to assert an additional affirmative defense in response to an amendment to the complaint by the plaintiff. However, in *Massey*, the court specifically noted that to deny defendant the right to assert the affirmative defense "would, in essence, enable plaintiffs to change their theory of the case while simultaneously locking defendants into their original pleading. This would clearly contravene Federal Rule of Civil

Finally, Greystone cites *Tralon Corp. v. Cedarapids, Inc.*, 966 F.Supp. 812 (N.D. Iowa 1997), which actually supports the Motions to Strike. In *Tralon*, the court permitted the defendant to assert new counterclaims in response to an amended complaint because the amended complaint completely changed the theory and scope of the case. As a corollary, the court pointed out that "if an amended complaint does not change the theory or scope of the case, a [defendant] must seek leave of the court pursuant to Rule 15(a) before it can amend its answer to assert a counterclaim." 966 F.Supp. at 832. This is precisely the case here. The additional allegations that Props and Kid asserted in the Third Amended Complaint did not change the theory or scope of the case. As a result, Defendants were required to seek leave of the court to amend their answer in the manner in which they proceeded.[3]

As set forth above, this Court's Individual Practices specifically provide that if a party wishes to submit an amended pleading in response to a pleading being attacked by a motion to dismiss, it must notify the Court and its adversary within 10 days of its receipt of the motion. GBMI and Greystone did not do this and are now trying to attempt an end run around this Court's rules to cure pleading deficiencies already subject to a motion. The Court should reject this transparent gamesmanship and grant the Motions to Strike in their entirety.

---

Procedure 15(a) which authorizes the amendment of answers 'as justice so requires'." *Massey*, 196 F.3d at 735. Here, Plaintiffs did not change their theory of the case and justice does not require allowing the unauthorized amendments.

[3] Greystone and GBMI did not seek leave to amend their pleadings as required by FRCP 15(a)(2) or leave to amend the scheduling order as required by FRCP Rule 16(b)(4), prior to filing their amended pleadings. Greystone makes such a belated request in the Opposition. That untimely request – unsupported by a notice of motion or any reasons why such relief should be granted – should be denied.

**III. Greystone's and GBMI's Unauthorized Amendments Do Not Cure Their Failure To Properly Plead Elements Necessary To Pierce The Corporate Veil**

Even if the Motions to Dismiss and the Motions to Strike are not granted – which they should be – Defendants' unauthorized amendments do not plead elements necessary to pierce the corporate veil to make SpA responsible for the actions of Props and Kid.

As set forth in the Memoranda of Law In Support Of the Motions To Dismiss, a party seeking to state a claim for veil piercing must allege facts which demonstrate that: "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." *Morris v. New York State Dep't of Taxation,* 82 N.Y.2d 135, 141, 603 N.Y.S.2d 807, 810-11 (1993); *Babitt v. Vebeliunas,* 332 F.3d 85, 91-92 (2d Cir. 2003); *In re Adler, Coleman Clearing Corp.,* 469 F. Supp.2d 112, 117-18 (S.D.N.Y.2007). Therefore, even if a party seeking to pierce the corporate veil can establish the complete domination of the corporation – which Greystone and GBMI have not properly pled – it also must plead that the dominating corporation "abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene." *Morris,* 82 N.Y.2d at 142; *Novak v. Scarborough Alliance Corp.*, 481 F.Supp.2d 289, 293 (S.D.N.Y. 2007).

"Purely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter-ego liability, even under the liberal notice pleading standard." *In re Currency Conversion Fee Antitrust Litig.*, 265 F.Supp.2d 385, 426 (S.D.N.Y. 2003). *See, e.g., Shenango Inc. v. Am. Coal Sales Co.*, 2007 WL 2310869, at *4 (W.D. Pa. Aug. 9, 2007) ("averments reciting elements

of the veil-piercing test, without any supporting facts, constitute legal conclusions. Even under a notice pleading standard, as interpreted in *Twombly*, such averments cannot support a veil-piercing claim"); *EED Holdings v. Palmer Johnson Acquisition Corp.*, 387 F.Supp.2d 265, 274 (S.D.N.Y. 2004) ("to avoid dismissal, a party seeking application of the doctrine must come forward with factual allegations as to both elements of the veil-piercing claim"); *Apace Commc'ns, Ltd. v. Burke*, 2007 WL 4125232, at *9-10 (W.D.N.Y. Nov. 16, 2007) (bald allegations of corporate domination are insufficient); *Playwell Toy, Inc. v. Bureau Veritas Consumer Prod. Serv., Inc.*, 2007 WL 2892031, at *11 (W.D.N.Y. Sept. 28, 2007) ("the allegations in the complaint as pleaded are conclusory and insufficient to pierce the corporate veil and impose liability on" the parent corporation).

The unauthorized amendments in Greystone's and GBMI's new pleadings do not cure the original defects sufficient to support veil piercing. For example, Greystone and GBMI now plead that (1) SpA "was heavily involved in the relationship between Diesel and GBMI and Greystone and made all the decisions on behalf of the Diesel Entities. Upon information and belief, Diesel Props and Kid could not take action on significant matters without the approval, authority and consent of Diesel SpA." (Greystone Answer ¶82; GBMI Answer ¶83); (2) The Diesel Entities effectively operated as a single entity with decision making vested in Diesel SpA, citing but a lone example of a meeting where Diesel SpA employees took "a leading role" (Greystone Answer ¶86; GBMI Answer ¶87); and (3) No one from Diesel ever differentiated between Diesel SpA and Diesel Props and Diesel Kid in the day to day performance of the various agreements between Greystone, GBMI and Diesel Kid and that the parties understood that Mezzasoma was representing Diesel Props, Diesel Kid and Diesel SpA in his communications with GBMI, again citing an example of a meeting at which Diesel SpA

employees participated in meetings and decisions on two occasions. (Greystone Answer ¶122; GBMI Answer ¶123). Such conclusory allegations do not plead complete corporate domination with respect to the transactions attacked as required by applicable law.

Not only are such allegations insufficient to plead the first element necessary to support a claim for veil piercing, but Greystone and GBMI also totally failed to plead the second element of veil piercing: that such dominion was used to commit a fraud or wrong against Greystone or GBMI that resulted in injury. Complete domination used to perpetrate a fraud or wrong is typically demonstrated where the defendant would be incapable of satisfying a potential judgment because of the abuse of the corporate form. *See Novak*, 481 F.Supp.2d at 294; *Balmer v. 1716 Realty LLC*, 2008 WL 2047888, at *6 (E.D.N.Y. May 9, 2008) (complete domination by defendants which was used to commit a fraud or wrong was demonstrated when it was shown that the defendants siphoned off millions of dollars from the corporation to the point where the corporation was unable to satisfy its debts); *Network Enterprises, Inc. v. APBA Offshore Productions, Inc.*, 264 Fed.Appx. 36, 40 (2d Cir. 2008) (complete domination of corporation which was used to commit a fraud or wrong was demonstrated where defendant removed money from the corporation account, leaving the corporation insolvent). However, where no injustice would result from enforcing the protection of the corporate form, there is no reason to pierce the corporate veil. *See Novak*, 481 F.Supp.2d at 294.

Accordingly, even considering the unauthorized amendments, Greystone and GBMI have failed to plead the elements necessary to pierce the corporate veil. As a result, all claims dependent on such a theory must be dismissed for all the reasons set forth in Diesel's Memoranda of Law in support of their Motions to Dismiss.

**CONCLUSION**

For all of the foregoing reasons, and the reasons set forth in Diesel's moving papers and those papers incorporated by reference therein, this Court should grant the Renewed Motions in their entirety.

Dated: New York, New York
August 6, 2008

DREIER LLP

By: s/ Ira S. Sacks

Ira S. Sacks
Mark S. Lafayette
499 Park Avenue
New York, New York
Telephone: (212) 328-6100
Facsimile: (212) 328-6101
*Attorneys for Plaintiffs and Third-Party Defendant*