UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DIESEL PROPS S.R.L. and DIESEL KID S.R.L.,         :
                                                    :
        Plaintiffs / Counter-Defendants,        :
                                                    :         07 Civ. 9580 (HB)
  - against -                                      :
                                                    :         <u>OPINION & ORDER</u>
GREYSTONE BUSINESS CREDIT II LLC and               :
GLOBAL BRAND MARKETING INC.,                        :
                                                    :
        Defendants / Counter-Plaintiffs,        :
                                                    :
-against-                                           :
                                                    :
DIESEL S.P.A.,                                      :
                                                    :
        Third-Party Defendant.                  :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

       This case involves relationships between two Italian shoe companies, their Italian parent corporation, their distributor in the United States and the distributor's secured lender. The reader's familiarity with this Court's prior opinions in this matter is assumed.

       On October 10, 2008, Magistrate Judge Ronald Ellis ("Judge Ellis") granted Plaintiffs' motion for a protective order that would preclude Defendants from taking the deposition of Renzo Rosso ("Rosso"), the founder and worldwide head of the Diesel group of companies. Defendant Greystone now objects to that order pursuant to Fed. R. Civ. P. 72. For the reasons set forth below, Greystone's objection is denied and Judge Ellis' Order is affirmed.

## I. FACTUAL BACKGROUND

       On September 16, 2008, the Diesel Entities submitted a request to Judge Ellis for a protective order that would preclude Defendants from taking Rosso's deposition. Judge Ellis granted the request in an order dated October 10, 2008 ("Order"). Judge Ellis found that Defendant Greystone had failed to show that the deposition was necessary and had offered "no substantive evidence that at this point in discovery Rosso would provide any personal, non-duplicative, unique testimony pertaining to relevant information." (Order at 9.)

       Greystone has deposed four senior officers of Diesel: (1) Marina Tosin, the Vice Chairman and Managing Director of Diesel S.p.A. and a Director of both Diesel Props S.r.l.

("Props") and Diesel Kid S.r.l. ("Kid"); (2) Germano Ferraro, the Managing Director of Kid; (3) Luigi Mezzasoma, the Managing Director of Props; and (4) Rosanna Sartori, the Chief Financial Officer of Props. The sporadic references to Rosso in these depositions revealed that Rosso was not closely involved in the business decisions that are relevant to this case. (*See* Response to Objection, Ex. 2 at 7 & Ex. E.) Moreover, Tosin, Ferraro, Mezzasoma and Rosso have submitted sworn affidavits that aver that Rosso had "little to no personal involvement in various contracts entered into by the various Diesel companies" and that day-to-day management was handled by other executives. (*See id.*, Ex. 2 at Ex. G.)

## II.  LEGAL STANDARD

When a district court reviews an order by a magistrate judge that relates to discovery, the court must determine if the decision "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A showing that "reasonable minds may differ on the wisdom of granting the . . . motion" is not enough to overturn the magistrate judge's decision. *Cagle v. Cooper Companies, Inc.*, 1996 WL 514864, at *1 (S.D.N.Y. Sept. 10, 1996) (quotation marks and citation omitted).

## III.  DISCUSSION

Judge Ellis' Order provides an accurate account of the law with respect to depositions of senior executives. First, courts should not allow litigants to manipulate the federal judicial system's liberal deposition procedures to harass their adversaries. *Armstrong Cork Co. v. Niagara Mohawk Power Corp.*, 16 F.R.D. 389, 390-91 (S.D.N.Y. 1954). Second, redundant depositions should be avoided, and senior executives should be deposed only if they possess unique personal knowledge related to the relevant issues in the case. *Consol. Rail Corp. v. Primary Indus. Corp.*, 1993 WL 364471, at *1 (S.D.N.Y. Sep. 10, 1993). Courts have overturned protective orders where: (1) the witness seeking to avoid a deposition failed to provide a sworn affidavit to the effect that he or she lacked pertinent knowledge; (2) other deposition testimony suggested that the witness possessed important and applicable knowledge; and (3) the party seeking the deposition had already exhausted the alternative information sources provided by the Defendant. *Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 104 (S.D.N.Y. 2001).

Here, Rosso's affidavit states that he has no unique personal knowledge that is germane to the case. (*See* Response to Objection, Ex. 2 at Ex. G.) This proposition is supported by the depositions of Tosin, Ferraro, Mezzasoma and Sartori, and by the sworn affidavits of Tosin, Ferraro and Mezzasoma. (*Id.*; *see id.*, Ex. 2 at Ex. E.) Neither the testimony of senior Diesel officials who were indisputable decision-makers nor the evidence suggests that Rosso's testimony would be relevant and non-duplicative. Plaintiffs contend that any testimony that Rosso could provide would be duplicative of the prior testimony of senior Diesel officials, and that Greystone's notice of deposition of Rosso was intended to harass the Diesel Entities.

Defendant Greystone argues that Judge Ellis' Order should be vacated because Rosso has applicable and unique personal knowledge. Greystone argues that Plaintiffs' original complaint and an email produced in discovery demonstrate the necessity of Rosso's testimony. First, Plaintiffs' Third Amended Complaint contains a paragraph that Plaintiffs have subsequently withdrawn, which alleged that

> [o]n June 28, 2007, Killick Datta [CEO of GBMI] promised that GBMI would reduce the exposure of GBMI to $20 million over the next few weeks. That representation on behalf of GBMI to Plaintiffs was a knowing material, false representation of fact made with intent to defraud Plaintiffs. Plaintiffs reasonably relied on GBMI's representation when they shipped Diesel goods to GBMI and were damaged as a result.

(3d Amended Compl. ¶ 33.)

It is undisputed that Datta, the CEO of GBMI, made this alleged promise during a telephone conversation with Rosso. Greystone argues that Rosso's testimony would reveal the impact of the alleged promise on the parties' relationships. However, since the Diesel entities have withdrawn this allegation and there are no extant claims that rely on it, Rosso's testimony in this regard is no longer relevant. (*See* Rule 72 Objection, Ex. B.) Further, an email from Datta reveals that in over five years he had not talked to Rosso "about legal matters" and that Rosso was not involved in negotiations between the companies. (*See* Response to Objection, Ex. 2 at Ex. F.)

Second, Greystone refers to an email from Rosso to Datta in which Rosso requests a list of GBMI's customers. (*See id.*, Ex. 3 at Ex. K.) Greystone claims that Rosso's request was a veiled threat that Diesel would interfere with GBMI's customer relationships. However, since this Court has dismissed Defendants' counterclaims for tortious interference with business relations and tortious interference with contract—

3

based on the forum selection clauses—Rosso's testimony about his request for GBMI's customer list is not relevant. Moreover, the request itself would do little to advance Defendants' tortious interference claims.

## IV. CONCLUSION

For the foregoing reasons, Defendant Greystone's Rule 72 objection to Judge Ellis' Order is DENIED. As Judge Ellis directed in his Order, the deposition of Rosso is precluded, provided that Rosso may not be utilized as a witness in the trial of this case.

**IT IS SO ORDERED.**
**New York, New York**
**December 2, 2008**

_____
U.S.D.J.

4